## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## AARON SCOTT ALTABEF,
*Defendant-Appellant.*

Marion County Circuit Court
13C41985; A156547

379 P3d 755

Jesse Wm. Barton argued the cause and filed the briefs for appellant.

Rolf C. Moan, Assistant Attorney General, argued the cause for respondent. With him on the briefs were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Duncan, Presiding Judge, and DeVore, Judge, and Flynn, Judge.

**DEVORE, J.**

Defendant appeals a judgment of conviction for first-degree sodomy, ORS 163.405, and first-degree sexual abuse, ORS 163.427. He makes eight assignments of error on appeal. We write to address defendant's seventh assignment and reject the remaining assignments without discussion. In the seventh assignment, defendant argues that, after his objection to evidence of "prior bad acts," the trial court failed to conduct balancing of probative value and prejudice under OEC 403. In light of the Supreme Court's recent decision in *State v. Williams*, 357 Or 1, 346 P3d 455 (2015), we reverse and remand.

Defendant is the uncle of the child victim, J, who was born in December 2005. J alleged that defendant sexually abused her three times between November 2012 and January 2013. The charges concern the latter two incidents. J said that the first incident happened at her grandparents' house in Snohomish County, Washington, while she and her family visited over Thanksgiving. The second incident happened during the car ride back home from her grandparents' house, while defendant shared the backseat with J and her younger sister. The third incident happened at her parents' house in Oregon while defendant babysat for J and her sister. J's parents—defendant's sister and brother-in-law—reported what J told them to the police.

Defendant was charged with four counts arising from J's allegations.[1] The charged counts did not include any acts that J had described as having occurred at the grandparents' house in Washington or while travelling in Washington.[2]

Defendant anticipated that the state would offer evidence of the uncharged acts. In a motion *in limine*, defendant sought to exclude that evidence, arguing that evidence of "prior bad acts with [J] to wit: (1) Sexual contact in Snohomish County, Washington [and] (2) Sexual contact

---

[1] Ultimately, defendant was convicted of first-degree sodomy (Count 2) and first-degree sexual abuse (Count 4) and acquitted on the other two charges (Counts 1 and 3).

[2] A count of first-degree sexual abuse (Count 1) is described to relate to the contact during the travel in Marion County.

while driving from Washington to Oregon" was inadmissible. He contended that the uncharged acts were not relevant, that the state sought to introduce the evidence solely for propensity purposes, and that, even if the state advanced a nonpropensity purpose for introducing the evidence, the evidence was "still highly prejudicial and outweighs any probative value that the evidence may have." Defendant continued that "[n]otwithstanding OEC 404(4), due process requires [the] court to engage in the balancing provided for in OEC 403 and to exclude unfairly prejudicial evidence." The state filed a response contending, among other things, that the evidence was "proper under OEC 404(3)," because it was relevant "to explain the victim's disclosure, to place the various incidents in context (including the incident that occurred at the victim's residence), to explain the defendant's opportunity to commit the crime and accessibility to the victim, and to explain the defendant's predisposition toward the victim."

The court denied defendant's motion. The court ruled that the evidence was relevant because "it is important to explain how this all came about" but told the parties that it would give a limiting instruction that "the jury can only use that other information to help explain how we got to where we are." The court declared, "So I will allow [the evidence in]. I don't know that we're going to run crazy with any of the details about any of that stuff, but we'll address those issues throughout the course of trial on the [breadth] of explanation, not whether or not it will be coming in." The record does not reveal any further basis of the court's ruling.[3]

Defendant appealed, arguing that the court erred in admitting evidence of his uncharged conduct with J. After

[3] At the time of the trial court's ruling, OEC 404(4) had been interpreted to preclude balancing under OEC 403. *State v. Phillips*, 217 Or App 93, 98, 174 P3d 1032 (2007), *rev den*, 345 Or 159 (2008) ("[I]n criminal cases, [OEC 404(4)] precludes OEC 403 balancing of probative value, against, among other things, danger of undue prejudice" except as otherwise required by the state or federal constitutions.); *State v. Dunn*, 160 Or App 422, 430, 981 P2d 809 (1999), *rev den*, 332 Or 632 (2001) ("If the evidence is relevant *** OEC 404(4) makes it admissible without balancing under OEC 403 unless the state or federal constitution requires that balancing."). Although the parties debated the probative value of the evidence, the record offers no indication that the trial court balanced the probative value of the evidence against its prejudicial effect.

taking the case under advisement, we granted defendant's motion to file a memorandum of additional authorities and, subsequently, a supplemental brief, addressing the Supreme Court's opinion in *Williams*, 357 Or 1, and our application of *Williams* in *State v. Zavala*, 276 Or App 612, 368 P3d 831 (2016), and *State v. Brumbach*, 273 Or App 552, 359 P3d 490 (2015), *rev den*, 359 Or 525 (2016). In light of those cases, defendant argues that the trial court did not engage in balancing under OEC 403 before admitting evidence of defendant's prior bad acts and that any probative value of the evidence was substantially outweighed by the danger of unfair prejudice.[4] *See State v. Mayfield*, 302 Or 631, 645, 733 P2d 438 (1987) (providing four-step balancing test under OEC 403). He urges that this court must reverse and remand the case for a new trial.

In *Williams*, the Supreme Court concluded that OEC 404(4)[5] "supersede[s] OEC 404(3)[6] in criminal cases, except * * * as otherwise provided by the state or federal constitutions." 357 Or at 15. The court held that, under OEC 404(4), evidence of a defendant's prior bad acts is admissible in a prosecution for child sex abuse if, "(1) it is relevant under OEC 401, and (2) as required by the Due Process Clause of the Fourteenth Amendment to the United States

---

[4] Under OEC 403,

"[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence."

[5] OEC 404(4) provides:

"In criminal actions, evidence of other crimes, wrongs or acts by the defendant is admissible if relevant except as otherwise provided by:

"(a) [OEC 406 to 412] and, to the extent required by the United States Constitution or the Oregon Constitution, [OEC 403];

"(b) The rules of evidence relating to privilege and hearsay;

"(c) The Oregon Constitution; and

"(d) The United States Constitution."

[6] OEC 404(3) provides:

"Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

Constitution, 'a trial court determines whether the risk of unfair prejudice posed by the evidence outweighs its probative value under OEC 403.'" *State v. Horner*, 272 Or App 355, 357, 356 P3d 111 (2015), *rev den*, 358 Or 794 (2016) (quoting *Williams*, 357 Or at 24); *see also State v. Turnidge (S059155)*, 359 Or 364, 432, 374 P3d 853 (2016) (*Turnidge*) (explaining that, in *Williams*, the court "reserved" the question of "the extent to which prior bad acts evidence can be admitted solely for propensity purposes in criminal cases other than ones involving child sexual abuse"). The court concluded that, "in a prosecution for child sexual abuse, the admission of 'other acts' evidence to prove character and propensity under OEC 404(4) depends on whether the risk of unfair prejudice outweighs the probative value of the evidence under OEC 403. That determination must be made on a case-by-case basis." *Williams*, 357 Or at 20 (footnote omitted). Consistently, we have concluded that, where a defendant makes such a challenge, a trial court's failure to properly engage in balancing under OEC 403 is reversible error. *State v. Baughman*, 276 Or App 754, 772, 369 P3d 754 (2016); *Brumbach*, 273 Or App at 565.

This court recently addressed a comparable challenge in *Baughman*, 276 Or App 754. In that case, a child, B, had reported that the defendant had sexually abused her over the course of several years. *Id.* at 757. The defendant was charged with multiple counts of sexual offenses, and the state "sought to introduce evidence of uncharged acts of sexual abuse by defendant against B as well as evidence that defendant had sexually abused A, the daughter of defendant's previous girlfriend." *Id.* at 757-58. The defendant challenged the evidence as not relevant and because it was offered for propensity purposes. He contended that the court should exclude the evidence because "'its probative value is frankly outweighed by the danger of * * * unfair prejudice.'" *Id.* at 760. The court denied the defendant's motion, permitting the state to offer the prior bad acts evidence at trial. In so ruling, the trial court concluded that the evidence at issue was relevant to three nonpropensity purposes. *Id.*

On appeal, we considered the trial court's conclusions as to each of the stated nonpropensity purposes and determined that the trial court "was incorrect as to two of

those three stated purposes." *Id.* at 772. In light of *Williams*, we concluded that the trial court "did not properly conduct the required balancing under OEC 403 and, in the absence of proper OEC 403 balancing, it was error to admit the prior acts evidence." *Id.*

Similarly, here, the trial court did not balance the probative value and the prejudicial effect of the prior acts evidence, despite defendant's request for balancing. We agree that was error. Stated differently, we need not resolve whether the evidence was relevant under either (or both) OEC 404(3) or OEC 404(4) because, regardless of the theory of relevance, the court was required to balance in this case.[7] *See Turnidge*, 359 Or at 442 ("[I]f a trial court determines that prior bad acts evidence is relevant to a nonpropensity purpose under OEC 404(3), the court, on a proper motion, must weigh the probative value of the evidence against its potential to unduly prejudice the defendant, per OEC 403, before admitting the evidence."); *Williams*, 357 Or at 19 (When a party requests OEC 403 balancing of prior bad acts offered under OEC 404(4) in a child sex abuse case, the court is required to balance.). For reasons we expressed in *Baughman*, "we cannot conclude that that error was harmless beyond a reasonable doubt." 276 Or App at 772. Therefore, defendant's convictions must be reversed and remanded for a new trial.

Reversed and remanded as to Counts 2 and 4; otherwise affirmed.

---

[7] Before the trial court and again on appeal, the state has argued that the prior sexual contacts were admissible to show the defendant's sexual predisposition toward this particular victim. *See State v. McKay*, 309 Or 305, 307-08, 787 P2d 479 (1990) (evidence of sexual contacts with victim when aged 10 to 13 were admissible to show sexual inclination of defendant toward victim). On appeal, the state added that the prior contacts were admissible to explain delayed reporting of the contacts. *See State v. White*, 252 Or App 718, 723, 288 P3d 985 (2012) ("[A] complainant's delay in reporting alleged abuse is an inherent weakness in the state's case and *** the state is entitled to address that weakness in its case-in-chief."). Our decision does not preclude the state from reasserting such grounds for admission of the evidence. Rather, our decision permits the trial court, in the first instance, to consider the probative value of such evidence when balancing under OEC 403.