Argued and submitted February 26, 2015, convictions for third-degree sexual abuse reversed and remanded, otherwise affirmed July 27, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DAVID HENRY HOLT,
*Defendant-Appellant.*

Wasco County Circuit Court
1200081M; A154052

381 P3d 897

Anne Fujita Munsey, Deputy Public Defender, argued the cause for appellant. On the brief were Peter Gartlan, Chief Defender, and Alice S. Newlin, Deputy Public Defender, Office of Public Defense Services. On the supplemental brief were Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Anne Fujita Munsey, Deputy Public Defender, Office of Public Defense Services.

Doug M. Petrina, Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Flynn, Judge.

**DUNCAN, P. J.**

In this criminal case, defendant appeals a judgment convicting him of two counts of sexual abuse in the third degree, ORS 163.415, for conduct involving a 16-year-old girl.[1] He challenges the trial court's denial of his motion *in limine* to exclude evidence of his prior conduct toward the victim. In light of the Supreme Court's decision in *State v. Williams*, 357 Or 1, 346 P3d 455 (2015), defendant argues that the trial court erred in failing to balance the probative value of the evidence against its potential for unfair prejudice before admitting it. We conclude that defendant preserved that argument, that the trial court erred in failing to conduct balancing before admitting the evidence, and that the error was not harmless. Accordingly, we reverse and remand for a new trial.

Defendant was charged with the crimes noted above for kissing the victim, a friend of his daughter, during a sleepover. Defendant moved *in limine* to exclude evidence that defendant had previously kissed the victim, snuggled with her, lain with her on the couch, talked to her on the phone, and asked her for photographs. Defendant's motion included an assertion that he was relying on OEC 403[2] and a quotation from *State v. Mayfield*, 302 Or 631, 644, 733 P2d 438 (1987):

> "[A] finding of logical relevance of uncharged misconduct evidence does not guarantee its admission. Evidence law demands not only logical relevance but also that the probative value of the evidence not be substantially outweighed by the danger of unfair prejudice as set forth in OEC 403. Evidence is prejudicial under OEC 403 if it tempts the jury to decide the case on an improper basis[.]"

At a pretrial hearing, the state argued that the evidence was admissible to show defendant's "sexual propensity

---

[1] The jury acquitted defendant of two counts of harassment, ORS 166.065. That disposition is not at issue on appeal.

[2] OEC 403 provides:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence."

toward [the] victim" under the reasoning set out in *State v. McKay*, 309 Or 305, 308, 787 P2d 479 (1990). Defendant argued that the evidence was not relevant and the court rejected that argument. Defendant did not reiterate his request for OEC 403 balancing, and the court admitted the evidence without conducting balancing. The jury convicted defendant, and this appeal followed.

After this case was argued, the Supreme Court decided *Williams*, in which it held that "the legislature intended OEC 404(4)[3] to supersede OEC 404(3)[4] in criminal cases, except, of course, as otherwise provided by the state or federal constitutions." 357 Or at 15. The court held that "propensity evidence is relevant in child sexual abuse cases to show that a defendant committed the charged acts." *State v. Turnidge (S059155)*, 359 Or 364, 432, 374 P3d 853 (2016) (*Turnidge*) (discussing *Williams*). And it decided that, "in child sexual abuse prosecutions where the state offered prior bad acts evidence to prove that the defendant had a propensity to sexually abuse children, due process 'at least requires that, on request, trial courts determine whether the probative value of the evidence is outweighed by the risk of unfair prejudice.'" *Turnidge*, 359 Or at 431 (quoting *Williams*, 357 Or at 19).

As noted above, in light of *Williams*, defendant asserts on appeal that the trial court erred in failing to balance the probative value of the evidence against the risk of unfair prejudice. The state responds that defendant did

---

[3] OEC 404(4) provides:

"In criminal actions, evidence of other crimes, wrongs or acts by the defendant is admissible if relevant except as otherwise provided by:

"(a) [OEC 406 to OEC 412] and, to the extent required by the United States Constitution or the Oregon Constitution, [OEC 403];

"(b) The rules of evidence relating to privilege and hearsay;

"(c) The Oregon Constitution; and

"(d) The United States Constitution."

[4] OEC 404(3) provides:

"Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

not preserve any request for balancing and, alternatively, that the balancing required by due process is narrower than OEC 403 balancing and would not require exclusion of the evidence at issue here. We conclude that defendant preserved his request for balancing by raising it in his motion *in limine* and that the trial court erred in failing to conduct the requested balancing. Under our post-*Williams* case law, the required balancing is OEC 403 balancing. Accordingly, we reverse and remand for a new trial.

We begin with preservation. As the Supreme Court has explained,

> "the rule of preservation 'gives a trial court the chance to consider and rule on a contention, thereby possibly avoiding an error altogether or correcting one already made, which in turn may obviate the need for an appeal.' *Peeples v. Lampert*, 345 Or 209, 219, 191 P3d 637 (2008). The rule also ensures fairness to opposing parties, by requiring that 'the positions of the parties are presented clearly to the initial tribunal' so that 'parties are not taken by surprise, misled, or denied opportunities to meet an argument.' *Davis v. O'Brien*, 320 Or 729, 737, 891 P2d 1307 (1995)."

*State v. Walker*, 350 Or 540, 548, 258 P3d 1228 (2011). Rather than relying on inflexible rules or any "neat verbal formula," the Supreme Court has instructed us to evaluate preservation on a case-by-case basis, paying "attention to the purpose of the rule and the practicalities it serves." *Id.* In light of those instructions, our task here is to decide whether defendant's assertion in his motion *in limine* that he was relying on OEC 403, coupled with his quotation from *Mayfield* explaining OEC 403 balancing, clearly presented his position to the trial court such that the state had the opportunity to meet the argument and the trial court had the opportunity to consider and rule on it.

In general, a party does not need to reraise at trial an objection that has been litigated and ruled on pretrial. *State v. Pitt*, 352 Or 566, 574, 293 P3d 1002 (2012). Moreover, where a defendant raises an argument in a pretrial motion, "the fact that [the] defendant did not 'reiterate' her argument at the hearing is not dispositive." *Walker*, 350 Or at

550; *see also Maxfield v. Nooth*, 278 Or App 684, 687, 377 P3d 650 (2016) ("As the Supreme Court has explained, for preservation purposes, a party ordinarily need not reiterate orally the arguments that it has made in writing, and also need not renew those arguments after the court has made its ruling. Rather, the question 'is whether a party provides sufficient information to enable opposing parties to meet an objection and the trial court to avoid error.'" (Internal citation omitted; quoting *Walker*, 350 Or at 550.)).

That is true even where the court does not specifically address the unreiterated argument. For example, in *Walker*, the trial court did not address the argument that the defendant sought to raise on appeal, which involved the scope of a search authorized by a warrant. We held that the defendant had failed to preserve the argument, which had been briefed pretrial, in part because she "never developed or reiterated" her argument at the hearing on her motion to suppress evidence and she "never took issue with the trial court's failure to address [the] matter[ at the hearing]." *State v. Walker*, 234 Or App 596, 607, 229 P3d 606 (2010), *aff'd on other grounds*, 350 Or 540, 258 P3d 1228 (2011).

The Supreme Court disagreed with our preservation analysis. It first explained:

"This court has never required that each and every argument that has been asserted in writing must be repeated orally in court in order for the argument to be preserved. *See, e.g., State v. Roble-Baker*, 340 Or 631, 639-40, 136 P3d 22 (2006) (rejecting contention that, because the defendant did not repeat all contentions raised earlier, those not repeated were not preserved)."

*Walker*, 350 Or at 550. The court also rejected our reliance on the defendant's failure to take issue with the trial court's omission. It explained that "the fact that [the] defendant did not take issue with the trial court's failure to address her argument likewise is not controlling. Once a court has ruled, a party is generally not obligated to renew his or her contentions in order to preserve them for the purposes of appeal." *Id.* (internal quotation marks omitted).

Thus, our consideration of whether an argument presented in a pretrial motion is preserved depends only upon whether, under all of the circumstances, the argument was presented clearly enough to serve the purposes of preservation. It does not depend, as a categorical matter, on whether the defendant reiterated the argument at a hearing or whether, if the trial court failed to address the argument, the defendant took issue with the court's failure to do so. *Id.* at 549-50; *see also State v. Nelson*, 246 Or App 91, 99, 265 P3d 8 (2011) ("The fact that [the] defendant made his OEC 412 argument in his memorandum but did not orally repeat that argument at the hearing does not demonstrate that the argument was either waived or not preserved. * * * Nor was [the] defendant required to take issue with the trial court's failure to address his argument."); *accord State v. Parnell*, 278 Or App 260, 266-67, 373 P3d 1252 (2016) (where the defendant raised a broad and ambiguous argument in his motion and, at the hearing, focused entirely on one possible understanding of the argument, the defendant did not preserve an alternative argument that could have been encompassed by the motion, because "a fair reading of the record shows that [the] defendant did not put the state or the trial court on notice" of the alternative argument).

The state contends that, in *Purcell v. Asbestos Corp., Ltd.*, 153 Or App 415, 959 P2d 89, *adh'd to as modified*, 155 Or App 1, 963 P2d 729 (1998), we established a categorical rule that, where a party does not reiterate a written request for balancing under OEC 403 at the hearing, the argument that the court erred in failing to conduct OEC 403 balancing is not preserved for appeal. However, as we have explained, under the Supreme Court's decision in *Walker*, the preservation inquiry must take into account the totality of the circumstances and, in any event, does not rest on a categorical requirement that a party reiterate a written argument at a hearing or renew an objection after the trial court has ruled. Thus, to the extent that we established such a rule in *Purcell*, that holding was abrogated by *Walker*.[5]

---

[5] We also note that the case on which we relied in *Purcell* did not support the conclusion we reached. In *Purcell*, an asbestos negligence and products liability case, one of the defendants, Owens, objected to the admission of certain documents. One of its arguments was that the documents were unfairly prejudicial

The state also relies on *State v. McMullin*, 269 Or App 859, 860 n 2, 346 P3d 611, *rev den*, 357 Or 640 (2015), in which we held that the defendant's OEC 403 argument on appeal was unpreserved. In *McMullin*, the defendant argued that the trial court erred in admitting evidence under OEC 403; specifically, he argued that proper OEC 403 balancing required the exclusion of the evidence at issue. *Id.* (noting that the defendant's argument was that OEC 403 "precluded admission" of the evidence at issue). We held that that argument was not properly before us because it did not appear that the trial court actually had conducted OEC 403 balancing. *Id.* (noting that the trial court "does not appear to have ruled on" whether OEC 403 precluded admission of the evidence). Thus, *McMullin* stands only for the proposition that we will not decide the merits of an OEC 403 balancing claim when the trial court never conducted the OEC 403 balancing in the first place. Consequently, *McMullin* does not apply in cases like this one, where a party is arguing that the court erred in failing to conduct OEC 403 balancing, despite a request that it do so.

In this case, defendant's motion *in limine* raised OEC 403 sufficiently "to enable opposing parties to meet [the] objection and the trial court to avoid error." *Walker*, 350 Or at 550. Although defendant's statement of his position was relatively basic, his citation to OEC 403, paired with his citation to *Mayfield* and the quotation explaining the OEC 403 balancing process, raised OEC 403 clearly enough that it would have been apparent to the state and the trial

---

under OEC 403. 153 Or App at 432. Relying primarily on *State v. Kitzman*, 129 Or App 520, 879 P2d 1326 (1994), *rev'd on other grounds*, 323 Or 589, 920 P2d 134 (1996), we held that Owens's OEC 403 argument was not preserved, despite having been raised in pretrial briefing, because it was not argued at the pretrial hearing or at trial. *Purcell*, 153 Or App at 432-33.

However, in *Kitzman*, we did not hold that a written OEC 403 argument is not preserved if it is not reiterated later. Instead, we held that, under the specific circumstances of *Kitzman*, at the hearing, the defendant had *abandoned* a previously filed motion to exclude prior consistent statements by telling the trial court that it "would be better to deal with" the admissibility of the statements through a different motion. 129 Or App at 527, 527 n 7. Thus, *Kitzman* did not support the proposition that merely failing to reiterate a written OEC 403 argument at the hearing or at trial means that the argument is not preserved for appeal. Instead, *Kitzman* stands for the unremarkable proposition that a party may abandon an argument raised in pretrial briefing by informing the court at the hearing that it is not necessary to rule on it.

court that defendant sought to have the court balance the probative value of the prior bad acts evidence against the risk of unfair prejudice that would result from its admission. *See Walker*, 350 Or at 550 ("Particularly in criminal cases, in which there is a premium on considerations of cost and speed, the realities of trial practice may be such that fairly abbreviated short-hand references suffice to put all on notice about the nature of a party's arguments."); *see also id.* ("The fact that the level of detail or thoroughness with which a party articulates a position may leave something to be desired does not mean that it was insufficient to serve the rule of preservation's pragmatic purposes."). Thus, defendant preserved his request for OEC 403 balancing.

As noted above, in *Williams*, the Supreme Court held that, in child sexual abuse prosecutions, where the state offered prior bad acts evidence to prove that the defendant had a propensity to sexually abuse children, due process "'at least requires that, on request, trial courts determine whether the probative value of the evidence is outweighed by the risk of unfair prejudice.'" *Turnidge*, 359 Or at 431 (quoting *Williams*, 357 Or at 19). After *Williams*, we concluded that the required balancing is OEC 403 balancing. *State v. Brumbach*, 273 Or App 552, 563, 359 P3d 490 (2015), *rev den*, 359 Or 525 (2016). Subsequently, in *Turnidge*, the Supreme Court held that, "if a trial court determines that prior bad acts evidence is relevant to a nonpropensity purpose under OEC 404(3), the court, on a proper motion, must weigh the probative value of the evidence against its potential to unduly prejudice the defendant, per OEC 403, before admitting the evidence." 359 Or at 442. Thus, when a trial court admits prior bad acts evidence in a child sexual abuse case, either for a propensity purpose or a nonpropensity purpose, OEC 403 balancing is required, on a proper motion. *See State v. Altabef*, 279 Or App 268, 273, 379 P3d 755 (2016) (noting that "we need not resolve whether [prior bad acts] evidence was relevant [in a prosecution for child sexual abuse] under either (or both) OEC 404(3) or OEC 404(4) because, regardless of the theory of relevance, the court was required to balance in this case").

Here, defendant requested that the trial court conduct OEC 403 balancing, but the court did not do so. That

was error. *Williams*, 357 Or at 19; *see also Altabef*, 279 Or App at 272 (when a defendant in a child sexual abuse case raises an OEC 403 challenge, "a trial court's failure to properly engage in balancing under OEC 403 is reversible error"); *State v. Baughman*, 276 Or App 754, 764, 369 P3d 423, *rev allowed*, 359 Or 847 (2016) ("[B]efore admitting prior bad acts evidence in a child sex abuse case, the trial court must engage in OEC 403 balancing."); *Brumbach*, 273 Or App at 560 ("[I]n light of *Williams*, the trial court erred because it did not subject the other acts evidence to OEC 403 balancing.").

"Under *Williams*, a failure to perform the requisite balancing test is a violation of a defendant's due process rights under the United States Constitution." *Brumbach*, 273 Or App at 564 (citing *Williams*, 357 Or at 18). Thus, we must reverse and remand for a new trial unless we can confidently say, "'on the whole record, that the constitutional error was harmless beyond a reasonable doubt.'" *Id.* at 564 (quoting *Delaware v. Van Arsdall*, 475 US 673, 681, 106 S Ct 431, 89 L Ed 2d 674 (1986)). Here, the trial court could conclude that "the evidence is so unfairly prejudicial as to be inadmissible under OEC 403." *Brumbach*, 273 Or App at 565. And, with that evidence excluded, the outcome of the trial could have been different. Accordingly, we cannot say that the error in admitting the evidence at issue—that defendant had been intimate with the victim prior to the charged acts of kissing the victim—without first conducting balancing would not have affected the jury's determination of whether defendant kissed the victim as charged. *See id.* at 565. Thus, we reverse and remand for a new trial.

Convictions for third-degree sexual abuse reversed and remanded; otherwise affirmed.