Submitted November 24, 2015, reversed and remanded November 16, 2016

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## CHRISTOPHER ALLEN EDWARDS,
*Defendant-Appellant.*

Coos County Circuit Court
13CR1639; A156021

385 P3d 1088

Peter Gartlan, Chief Defender, and Sarah Laidlaw, Deputy Public Defender, Office of Public Defense Services, filed the opening brief for appellant. On the supplemental brief were Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sarah Laidlaw, Deputy Public Defender.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Tookey, Judge, and Garrett, Judge.

**TOOKEY, J.**

Defendant appeals a judgment of conviction for unlawful use of a weapon, ORS 166.220(1)(a), fourth-degree assault constituting domestic violence, ORS 163.160(3), harassment, ORS 166.065, coercion, ORS 163.275, and two counts of menacing constituting domestic violence, ORS 163.190. Defendant raises two assignments of error. We write only to discuss defendant's first assignment of error, in which he contends that the trial court erred by admitting evidence of a previous uncharged act against the complainant (DB) that occurred on September 13, 2013.[1] For the reasons that follow, we reverse and remand.

The facts relevant to defendant's conviction and appeal stem from three separate incidents that occurred between defendant and the complainant.

*The September 13 Incident:* Defendant and DB began dating in July 2013. Shortly thereafter, DB moved in with defendant. On September 13, 2013, defendant and DB began arguing over what DB described as defendant's "jealousy issue." While DB's back was turned, defendant picked up a wooden chair and threw it at DB; the chair hit DB and caused her to fall to the ground. Afterwards, DB left defendant's residence and did not return until September 21, 2013.

*The September 21 Incident:* When DB returned to defendant's residence, defendant screamed at her, grabbed her by her hair, and threw her to the concrete floor of his house. Defendant then punched and kicked DB's head, covered her mouth and threatened to kill her if she made any more noise, and proceeded to hit DB's thighs with his belt. After defendant calmed down, he began demanding answers from DB about her faithfulness. DB convinced defendant that they should go to a local bar. Once at the bar, DB went to the women's restroom, borrowed a cell phone, and called the police. When the police officers arrived, they escorted DB out of the restroom and questioned her about defendant.

---

[1] Our disposition obviates the need to address defendant's second assignment of error concerning the trial court's failure to merge his guilty verdicts for menacing and coercion.

Because defendant was not arrested that evening, DB stayed at a mutual friend's house. The next morning, DB went to the hospital where she was provided prescription medicine for pain in her head and knees, and released.

*The October 18 Incident:* DB continued to live with defendant after the September 21 incident. On October 18, 2013, defendant and DB argued all day. Defendant shoved a donut into DB's mouth, called her an offensive name, and covered her mouth with his hand until she swallowed the donut. After allowing DB to clean off her face, defendant and DB laid in bed. Defendant began questioning DB about her faithfulness to him. When she responded, defendant began punching DB in the rib cage, nose, and mouth. Defendant then picked up a pair of loppers from the wall and moved towards DB.[2] DB, afraid that defendant would kill her, grabbed a handle of the loppers and swung, hitting defendant in the head. At that point, defendant said that they needed to calm down. The next morning, while defendant was in the restroom, DB ran from the house to a store and called the police.

Defendant was charged with several crimes stemming from the incidents that occurred on September 21 and October 18. Before trial, the state filed a motion *in limine* seeking to admit evidence of the September 13 incident to show defendant's motive to harm DB on September 21 under OEC 404(3).[3] In response, defendant filed a motion *in limine* to exclude evidence of the September 13 incident, arguing that the uncharged act was inadmissible and requesting the court to engage in OEC 403[4] balancing. In his motion,

---

[2] Loppers are gardening shears with long handles.

[3] OEC 404(3) provides:

"Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

[4] OEC 403 provides:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence."

defendant "acknowledge[d] that OEC 404(4)[5] seems to do away with the 403 balancing formally required, however Defense believes such removal is a violation of Defendant's Due Process Rights and Right of Fundamental Fairness as set forth in the United States Constitution." The trial court denied defendant's motion to exclude evidence of the September 13 incident and did not conduct OEC 403 balancing. In making its ruling, the court stated the following:

"THE COURT: The State is asking to present evidence of a September 13th incident between the Defendant and [DB]. The reason they want it is not for the same purpose to show intent, that he intended to harm, but to show that he had motive on September 21st to cause the harm that occurred on that date. Is that correct?

"[PROSECUTOR]: Yes, Your Honor.

"THE COURT: And I find that appropriate and it's relevant. And it would be admissible. So, the September 13th incident is admissible."

The trial court also provided a limiting instruction to the jury, stating that the jury "may not use [the September 13] incident to determine whether [defendant] in fact committed the other two incidents, but rather only may consider the September 13 incident to determine whether [defendant] had a motive to commit the" charged incidents. The jury found defendant guilty of unlawful use of a weapon, fourth-degree assault stemming from the October 18 incident, harassment, coercion, and two counts of menacing.

On appeal, defendant contends that the trial court erred by admitting evidence of the uncharged acts that occurred on September 13. After this case was submitted, the Supreme Court decided *State v. Williams*, 357 Or 1, 346 P3d 455 (2015), in which it concluded that OEC 404(4)

---

[5] OEC 404(4) provides:

"In criminal actions, evidence of other crimes, wrongs or acts by the defendant is admissible if relevant except as otherwise provided by:

"(a) [OEC 40.180 to 40.210] and, to the extent required by the United States Constitution or the Oregon Constitution, [OEC 403];

"(b) The rules of evidence relating to privilege and hearsay;

"(c) The Oregon Constitution; and

"(d) The United States Constitution."

"supersede[s] OEC 404(3) in criminal cases, except * * * as otherwise provided by the state or federal constitutions." 357 Or at 15. The Supreme Court further held that in child sex abuse cases, "the admission of 'other acts' evidence to prove character and propensity under OEC 404(4) depends on whether the risk of unfair prejudice outweighs the probative value of the evidence under OEC 403." *Id.* at 20. Relying on *Williams*, defendant filed a supplemental brief, arguing that the trial court erred in admitting evidence of the September 13 incident, because that evidence was relevant only for a propensity purpose and, thus, that a remand is appropriate to allow the trial court to conduct OEC 403 balancing. In response, the state contends that the trial court properly admitted evidence of the September 13 incident, because that evidence was relevant for the nonpropensity purpose of proving defendant's motive to commit the charged crimes and, furthermore, any error in failing to conduct OEC 403 balancing was harmless. In other words, the state contends that evidence that defendant attacked DB because of his "jealousy issue" on September 13 explained why, when DB returned to defendant's home on September 21, defendant pulled her inside and assaulted her.

We begin by addressing whether evidence of the uncharged acts on September 13 was relevant for the nonpropensity purpose of proving defendant's motive to commit the charged crimes. OEC 404(3) enumerates motive as one of the nonpropensity purposes for admitting evidence of a person's uncharged acts. "Evidence is relevant to prove motive if it tends to show *why* the defendant committed the charged crime [.]" *State v. Clarke*, 279 Or App 373, 388, 379 P3d 674 (2016) (emphasis in original). In this case, the state introduced evidence of the September 13 incident for the nonpropensity purpose of proving defendant's motive to commit the charged crimes on September 21 and October 18. There was sufficient evidence in the record to support an inference that the same "jealousy issue" that led to defendant's assault of DB on September 13 led to assaults against DB on the charged occasions. *See State v. Turnidge (S059155)*, 359 Or 364, 436, 374 P3d 853 (2016) (giving example that evidence of threat to kill the victim if she dated another man would be relevant to show defendant's motive for killing the victim

after he saw her on a date with another man). Thus, evidence of the uncharged acts on September 13 was relevant as nonpropensity motive evidence under OEC 404(3).

We next consider whether the trial court erred in failing to conduct OEC 403 balancing prior to admitting the September 13 uncharged acts as nonpropensity motive evidence. The Supreme Court recently examined its holding in *Williams* in *Turnidge*, 359 Or at 431. In *Turnidge*, "the defendant was charged with crimes in connection with a bombing at a bank, and, over the defendant's OEC 404(3) objection, the trial court admitted evidence that, years before the date of the charged crimes, the defendant had called in a bomb threat to a different bank." *State v. Tena*, 281 Or App 57, 68, 385 P3d 1088 (2016) (citing *Turnidge*, 359 Or at 428). The state's theory of relevance for the other acts evidence was to prove defendant's plan for committing the charged crimes, a theory that "falls squarely within the nonexclusive list of nonpropensity purposes for which prior bad acts evidence historically has been admissible, which are largely codified in OEC 404(3)." *Turnidge*, 359 Or at 433. Furthermore, the Supreme Court stated, "[I]f a trial court determines that prior bad acts evidence is relevant to a nonpropensity purpose under OEC 404(3), the court, on a proper motion, must weigh the probative value of the evidence against its potential to unduly prejudice the defendant, per OEC 403, before admitting the evidence." *Id.* at 442. *See Tena*, 281 Or App at 75 (noting that pursuant to OEC 404(3), "a court's obligation to balance arises upon a proper motion by the defendant"); *Clarke*, 279 Or App at 382 ("When nonpropensity evidence is sought to be introduced under OEC 404(3), OEC 403 balancing is required in response to a proper motion.").

Here, in his motion *in limine*, defendant requested that the trial court engage in OEC 403 balancing in determining whether to admit evidence of the uncharged September 13 incident. The record does not reflect that the trial court conducted that OEC 403 balancing prior to admitting the nonpropensity evidence. Consequently, the trial court erred by admitting that evidence. *See State v. Altabef*, 279 Or App 268, 273, 379 P3d 755 (2016) (holding that the trial court erred in failing to "balance the probative value and prejudicial effect of the prior acts evidence, despite defendant's

request for balancing"); *State v. Holt*, 279 Or App 663, 671-72, 381 P3d 897 (2016) (holding that the trial court erred in failing to conduct OEC 403 balancing where the defendant requested that the trial court do so).

Furthermore, we conclude that the trial court's erroneous admission of evidence of the September 13 incident was not harmless. "Under the harmless error doctrine, reversal is not warranted if there is little likelihood that the particular error affected the verdict[.]" *State v. Goff,* 258 Or App 757, 765, 311 P3d 916 (2013) (quoting *State v. Davis,* 336 Or 19, 32, 77 P3d 1111 (2003) (brackets in *Goff*)). On this record, we cannot conclude that the trial court's error had little likelihood of affecting the verdict. Therefore, because the trial court erred by admitting evidence of the September 13 incident without conducting OEC 403 balancing, and because that error was not harmless, we reverse and remand.

Reversed and remanded.