Argued and submitted February 18, 2016, reversed and remanded July 26, 2017

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MIGUEL BRAVO MEJIA,
*Defendant-Appellant.*

Klamath County Circuit Court
1101275CR; A157143

401 P3d 1222

Laura A. Frikert, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

David B. Thompson, Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Paul L. Smith, Deputy Solicitor General.

Before DeVore, Presiding Judge, Garrett, Judge, and Duncan, Judge pro tempore.*

---

* Garrett, J., *vice* Flynn, J. pro tempore.

## DEVORE, P. J.

Defendant appeals a judgment of conviction for unlawful delivery of marijuana for consideration and unlawful possession of marijuana. He assigns error to the denial of his motion to suppress evidence that the police discovered following a traffic stop. Among other contentions, he argues that the trial court should have suppressed evidence that was the product of a warrantless search of his person, because the state failed to prove any exception to the warrant requirement. The state, in response, does not offer any justification for the warrantless search; rather, the state argues that defendant's contention regarding the search of his person was not preserved, because, although defendant raised that contention in his written motion to suppress, he did not reiterate his argument during the suppression hearing or take issue with the trial court's failure to explicitly address it. As we will explain, the state's preservation argument is unavailing under *State v. Walker*, 350 Or 540, 258 P3d 1228 (2011). Accordingly, we proceed to the merits of defendant's argument and conclude that the trial court erred in denying his motion to suppress.

An officer stopped the car that defendant was riding in for crossing the center line twice and leaving its headlights on high beam when another car approached and passed. The officer had also used his spotlight to look into the rear of the car and observed that defendant was not wearing his seatbelt, a failure constituting a traffic violation. ORS 811.210. During the stop, the officer initiated a records check using defendant's identification card and the driver's license. While the records check was occurring, the officer spoke with defendant and the driver separately, asking questions about their trip and, in defendant's case, his history of drug related convictions, which he denied.[1] The officer received information from dispatch that defendant had an extensive criminal history including drug offenses, contradicting defendant's earlier statements. At that point, the officer believed that he had probable cause, but at a minimum, reasonable suspicion of criminal activity, as well as

---

[1] Our account of the facts omits circumstances giving rise to the officer's suspicion of a drug offense.

a suspicion that his safety might be in jeopardy. The officer handcuffed defendant and advised him of his *Miranda* rights, which defendant said he understood. Next, the officer searched defendant and removed a cell phone and a Walmart receipt for space bags, which the officer knew could be used for packaging drugs.[2] The officer placed defendant in the back of his patrol car. After both the driver and defendant denied consent to search the car, the officer called another officer with a police dog. The dog positively reacted to the odor of the car. The officer proceeded to search the car, discovering 27 bags of marijuana.

Defendant moved to suppress evidence discovered as a result of the officer's search of his person and the car he was riding in. In his motion, defendant argued, among other things, that the officer safety exception to the warrant requirement did not justify handcuffing him and the search of his person. He explained when the exception is permissible, based on our case law:

> "Under Article I, Section 9, a police officer may search a person he has stopped for weapons, but only if the person was lawfully stopped in the first place. Moreover, even if the person was lawfully stopped, the authority to search for weapons exists only if 'the officer develops a reasonable suspicion, based upon specific and articulable facts, that the citizen might pose an immediate threat of serious physical injury to the officer or to others present.'"

(Quoting *State v. Bates*, 304 Or 519, 524, 747 P2d 991 (1987).) He argued that the exception did not justify the search, saying:

> "[Defendant] was not subject to a valid stop at the time he was asked to exit his vehicle as there was no reasonable suspicion that he had committed a crime. And, the state cannot articulate sufficient facts to show a reasonable belief that he was presently armed and presently dangerous."

(Citations omitted.)

At a pretrial hearing, the state argued that, based on the totality of the circumstances, the officer had reasonable suspicion to extend the stop. Defendant argued that,

---

[2] Space bags are vacuum-sealed storage bags.

because there was no reasonable suspicion for the extension of the stop, all resulting evidence must be suppressed. Defendant did not reiterate his argument, which had been made by memorandum, about the warrantless search of his person. During the state's direct examination of the officer, the officer twice referred to his officer safety concerns, but the state's argument in response to the motion to suppress did not offer a justification for the warrantless search of defendant's person that resulted in the discovery of the Walmart receipt.

The trial court denied defendant's motion to suppress. In a letter opinion, the court ruled that the stop was lawful because the officer observed a passenger without a seatbelt, that the officer had reasonable suspicion of criminal activity after learning of defendant's criminal history, and that "[m]any of the factors that led to reasonable suspicion" were "gained during an unavoidable lull" while the officer was waiting to hear back from dispatch. The court then explained, "After the dog positively reacted to the vehicle, [the officer] had probable cause justifying the search." The court's explanation did not explicitly address the lawfulness of the warrantless search *of defendant's person*, which had preceded the search of the vehicle.

Defendant was subsequently convicted after a jury trial, and this appeal followed. On appeal, defendant assigns error to the denial of his motion to suppress, arguing, among other contentions, that the state did not justify the warrantless search of his person, which yielded the Walmart receipt.[3] The state does not respond to that argument on its merits. Rather, the state argues that defendant's only preserved challenge to the evidence, including the Walmart receipt, was that the evidence resulted from an unlawfully extended traffic stop. According to the state, defendant "made no effort to obtain a ruling on any of the additional challenges to the search of his person contained in his memorandum. That approach at the hearing served to inform

---

[3] Defendant also argues that the evidence should have been suppressed because it was the product of an unlawful extension of the traffic stop; we reject that contention without discussion. He also assigns error to the denial of a motion for a judgment of acquittal on a count of unlawful delivery, which we likewise reject without discussion.

the trial court that defendant was no longer pursuing those additional challenges."

The state's preservation argument is unavailing under the Supreme Court's decision in *Walker*, 350 Or 540, and the cases that have followed that decision. In *Walker*, the defendant had raised an issue in a memorandum in support of a motion to suppress but had not reiterated that issue at the suppression hearing, and the court had not expressly addressed it. We held that the defendant had failed to preserve the issue under those circumstances, explaining that the defendant, "'after advancing a single, generic and conclusory proposition, never developed or reiterated it in argument—instead, focused exclusively on qualitatively different contentions—and, ultimately, never took issue with the trial court's failure to address that matter.'" *Id.* at 546 (quoting *State v. Walker*, 234 Or App 596, 607, 229 P3d 606 (2010)).

The Supreme Court disagreed with our preservation analysis—and, in particular, with our view that the defendant was required to do more than set out her position in her written memorandum. On that point, the court held that "the fact that defendant did not 'reiterate' her argument at the hearing is not dispositive. This court has never required that each and every argument that has been asserted in writing must be repeated orally in court in order for the argument to be preserved." 350 Or at 550. The court likewise rejected our view that the defendant should have done more to alert the court that it had failed to address the argument: "[T]he fact that defendant did not take 'issue with the trial court's failure to address' her argument likewise is not controlling. Once a court has ruled, a party is generally not obligated to renew his or her contentions in order to preserve them for the purposes of appeal." *Id.*

Since *Walker*, we have consistently held that an issue is preserved for our review if it is presented clearly in a written motion, notwithstanding a party's failure to reiterate all of its arguments at a subsequent hearing. For example, in *State v. Holt*, 279 Or App 663, 381 P3d 897 (2016), the defendant moved *in limine* to exclude certain

evidence by asserting that he was relying on OEC 403 and quoting a case discussing it. At the pretrial hearing, the defendant did not reiterate his request for balancing probative value against prejudicial effect under OEC 403. Nevertheless, we concluded that the defendant preserved his request for balancing by raising it in his motion *in limine*, although the "defendant's statement of his position was relatively basic." *Id.* at 670. To do so, we relied on *Walker*, observing:

> "[O]ur consideration of whether an argument presented in a pretrial motion is preserved depends only upon whether, under all of the circumstances, the argument was presented clearly enough to serve the purposes of preservation. It does not depend, as a categorical matter, on whether the defendant reiterated the argument at a hearing or whether, if the trial court failed to address the argument, the defendant took issue with the court's failure to do so."

*Id.* at 669. Based on those principles, and the totality of the circumstances, we concluded that the "defendant's motion *in limine* raised OEC 403 sufficiently 'to enable opposing parties to meet [the] objection and the trial court to avoid error.'" *Id.* at 670 (quoting *Walker*, 350 Or at 550); *Accord State v. Parnell*, 278 Or App 260, 266, 373 P3d 1252 (2016) ("[I]f a party makes an argument in a written motion, he or she need not necessarily reiterate that precise argument at the hearing in order for the issue to be preserved.").

In this case, defendant devoted the concluding section of his memorandum to the argument that the warrantless search of his person was unlawful, and he anticipated that the state would attempt to justify the search based on officer safety concerns. Under a section of the memorandum entitled "No Officer Safety Exception Justifying the Handcuffing and Search of [Defendant]," defendant cited the case law governing officer safety and patdown searches, and he applied that law to the facts of this case. In light of *Walker* and subsequent cases, that was enough to adequately frame the issue of the lawfulness of the warrantless search of defendant's person, even if defendant did not reiterate that argument at the suppression hearing or later point out the court's failure to

address it.[4] That is, under the totality of the circumstances, we are persuaded that defendant's written memorandum sufficiently apprised the court and the state of defendant's challenge to the lawfulness of the search that yielded the Walmart receipt, so we turn to the merits of that argument.[5]

As previously noted, on appeal the state does not offer any justification for the warrantless search of defendant's person, and further discussion of the issue would not benefit the bench, the bar, or the public. Suffice it to say that, on this record, we agree with defendant that the court erred in denying the motion to suppress the Walmart receipt that was the product of the warrantless search. *See State v. Potter*, 282 Or App 605, 610, 385 P3d 1105 (2016) ("The state has the burden to prove that circumstances existing at the time were sufficient to satisfy an exception to the warrant requirement."). Because that error was not harmless, considering that it tied defendant to the drug packaging, we reverse and remand.[6]

Reversed and remanded.

---

[4] The state relies on *State v. Turley*, 202 Or App 40, 120 P3d 1229 (2005), *rev den*, 340 Or 157 (2006), for the proposition that a defendant fails to preserve an issue that the defendant raises in a written motion but does not press at the hearing. *Turley* was decided before *Walker*, and, to the extent that it suggests a more stringent preservation rule than *Walker* announced, it is no longer good law.

We also note that, at oral argument, the state argued, for the first time, that defendant had conceded a pertinent issue during the hearing on the motion to suppress. Viewed in their broader context, we are not persuaded that defense counsel's remarks at the hearing can be understood in the way that the state suggests.

[5] This case is distinguishable from *State v. Geyer*, 287 Or App 25, 34, 401 P3d 1259 (2017), where, among other things, the defendant's written motion did not mention the critical "car door" issue.

[6] We do not address the extent to which the suppression of the Walmart receipt affects the suppression of other evidence, in part because it is not clear how the court would have ruled on those suppression issues if it had agreed with defendant that the search of his person was unlawful. We leave those issues to be litigated on remand.