LAGESEN, P.J.
*199 *828 This case comes to us on remand from the Supreme Court. State v. Holt, 361 Or. 800, 400 P.3d 920 (2017) ( Holt II ). In our initial decision, we held that the trial court committed reversible error by admitting evidence of defendant's previous conduct toward the victim without first balancing the probative value and prejudicial effect of that evidence under OEC 403, and we remanded for a new trial. State v. Holt , 279 Or. App. 663, 381 P.3d 897 (2016) ( Holt I ). Subsequently, the Supreme Court issued decisions in State v. Zavala , 361 Or. 377, 393 P.3d 230 (2017), State v. Mazziotti , 361 Or. 370, 393 P.3d 235 (2017), and State v. Baughman , 361 Or. 386, 393 P.3d 1132 (2017), which addressed various issues related to OEC 403 balancing, including the analysis of harmless error in that context and whether the correct remedy for such an error is a new trial or a more limited remand. The Supreme Court then vacated our decision in Holt I and remanded for reconsideration in light of Zavala , Mazziotti , and Baughman . Holt II , 361 Or. 800, 400 P.3d 920. Upon reconsideration, we again conclude that the trial court committed reversible error in failing to conduct OEC 403 balancing, but we now conclude that the proper remedy for that error is the type of limited remand described in Baughman .
To frame the issues before us on remand, we recite an abbreviated version of the procedural history from our original opinion:
"Defendant was charged with [two counts of third-degree sexual abuse] for kissing [EC], a friend of his daughter, during a sleepover. Defendant moved in limine to exclude evidence that defendant had previously kissed [EC], snuggled with her, lain with her on the couch, talked to her on the phone, and asked her for photographs. Defendant's motion included an assertion that he was relying on OEC 403 [.] ***
"* * * * *
"At a pretrial hearing, the state argued that the evidence was admissible to show defendant's 'sexual propensity toward [the] victim' under the reasoning set out in State v. McKay , 309 Or. 305, 308, 787 P.2d 479 (1990). Defendant argued that the evidence was not relevant and the court *829 rejected that argument. Defendant did not reiterate his request for OEC 403 balancing, and the court admitted the evidence without conducting balancing. The jury convicted defendant, and this appeal followed.
"After this case was argued, the Supreme Court decided [ State v. Williams , 357 Or. 1, 346 P.3d 455 (2015) ], in which it held that * * * 'propensity evidence is relevant in child sexual abuse cases to show that a defendant committed the charged acts.' State v. Turnidge (S059155) , 359 Or. 364, 432, 374 P.3d 853 (2016) ( Turnidge ) (discussing Williams ). And it decided that, 'in child sexual abuse prosecutions where the state offered prior bad acts evidence to prove that the defendant had a propensity to sexually abuse children, due process "at least requires that, on request, trial courts determine whether the probative value of the evidence is outweighed by the risk of unfair prejudice." ' Turnidge , 359 Or. at 431 [374 P.3d 853] (quoting Williams , 357 Or. at 19 [346 P.3d 455] )."
Holt I , 279 Or. App. at 665-66, 381 P.3d 897 (footnotes omitted).
Relying on Williams , defendant argued that the trial court erred in failing to balance the probative value of evidence of his previous conduct toward EC against the risk of unfair prejudice from that evidence. Holt I , 279 Or. App. at 666, 381 P.3d 897. In response, the state argued that defendant failed to preserve any request for balancing. Id . at 667, 381 P.3d 897. Alternatively, the state argued that, under OEC 404(4), the type of balancing required in the case of other bad acts by a defendant is "due process balancing," which the state understood to be narrower than OEC 403 balancing. Id . According to the state, that narrower type of *200 balancing would not have required exclusion of the evidence. Id .
We agreed with defendant's understanding of Williams and rejected the state's preservation and "due process balancing" arguments. Holt I , 279 Or. App. at 671, 381 P.3d 897. We then proceeded to consider whether the court's error required reversal, using the same approach that we had previously applied in State v. Brumbach , 273 Or. App. 552, 359 P.3d 490 (2015), rev. den. , 359 Or. 525, 379 P.3d 516 (2016) :
" 'Under Williams , a failure to perform the requisite balancing test is a violation of a defendant's due process rights under the United States Constitution.'
*830 Brumbach , 273 Or. App. at 564 [359 P.3d 490] (citing Williams , 357 Or. at 18 [346 P.3d 455] ). Thus, we must reverse and remand for a new trial unless we can confidently say, ' "on the whole record, that the constitutional error was harmless beyond a reasonable doubt." ' Id. at 564 [359 P.3d 490] (quoting Delaware v. Van Arsdall , 475 U.S. 673, 681, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986) ). Here, the trial court could conclude that 'the evidence is so unfairly prejudicial as to be inadmissible under OEC 403.' Brumbach , 273 Or. App. at 565 [359 P.3d 490]. And, with that evidence excluded, the outcome of the trial could have been different. Accordingly, we cannot say that the error in admitting the evidence at issue-that defendant had been intimate with the victim prior to the charged acts of kissing the victim-without first conducting balancing would not have affected the jury's determination of whether defendant kissed the victim as charged. See id . Thus, we reverse and remand for a new trial."
Holt I , 279 Or. App. at 672, 381 P.3d 897.
After we reversed and remanded for a new trial, the state petitioned for review in the Supreme Court. While the petition was pending, the Supreme Court issued a trilogy of cases involving OEC 403 balancing, Baughman , Mazziotti , and Zavala . That trilogy addressed many of the issues posed in this case.
In Baughman , the court held that OEC 404(4) requires trial courts to conduct balancing under OEC 403 rather than a "narrower, 'due process' standard for evaluating the admissibility of evidence." 361 Or. at 399, 393 P.3d 1132. The court further determined that, in that case, the trial court erred in the manner in which it had conducted the required OEC 403 balancing and that the error was prejudicial. Id . at 407-08, 408 n 11, 393 P.3d 1132 (concluding that the error was prejudicial after applying the state law harmless error standard rather than the federal harmless error standard that this court had applied). Finally, the court addressed the appropriate remedy for the type of OEC 403 balancing error at issue, concluding that a more limited remand is required, whereby the trial court will "determine, on a case-by-case basis, whether, after conducting a correct analysis under OEC 404 and OEC 403, other acts evidence should again be received and whether a new trial is required or appropriate." 361 Or. at 410, 393 P.3d 1132.
*831 In Mazziotti , the court similarly rejected the state's argument that "traditional" OEC 403 balancing was not required, and it held that the trial court in that case erred by failing to conduct the necessary OEC 403 balancing. 361 Or. at 374-75, 393 P.3d 235. And, as it had in Baughman , the court explained that the appropriate remedy was a remand so that the trial court could decide, in the first instance, whether the error should result in a retrial. Mazziotti , 361 Or. at 376, 393 P.3d 235.
Both Mazziotti and Baughman involved preserved claims of error with regard to the trial court's failure to conduct OEC 403 balancing. In the third case of the trilogy, Zavala , the question of preservation was in dispute. But rather than work through those preservation issues, which the court described as a "briar patch," it affirmed the trial court's judgment-and reversed our decision-on the ground that any error was harmless. 361 Or. at 384, 393 P.3d 230. In reaching that outcome, the court explained that the balancing error in Zavala did not involve improperly characterized propensity evidence, as had been the case in Baughman , but had been the failure to consider the probative value of the evidence for a nonpropensity purpose-the defendant's sexual predisposition *201 toward the victim-which is generally admissible unless the particular facts demonstrate a risk of prejudice that substantially outweighs its probative value. Zavala , 361 Or. at 384, 393 P.3d 230. Because the defendant had not advanced "a meritorious argument that could persuade a trial court to exclude the challenged evidence," the court held that "the trial court's failure to conduct balancing under OEC 403 did not significantly affect its decision to admit that evidence" and, consequently, "that there was little likelihood that the trial court's error affected its judgment of conviction." Id. at 385, 393 P.3d 230.
After issuing those three decisions, the Supreme Court allowed the state's petition for review and remanded the case to us for reconsideration in view of those cases. Holt II , 361 Or. 800, 400 P.3d 920. The parties have since filed supplemental briefing that focuses on two issues: first, whether the trial court's failure to conduct OEC 403 balancing with regard to evidence of his previous conduct toward EC was harmless under the approach described in Zavala ; and, second, if the *832 error was not harmless, whether the appropriate disposition is a limited remand as in Baughman and Mazziotti .[1]
We begin with the question of harmless error. As set out previously, 292 Or. App. at 829-30, 425 P.3d at 199-200, our original opinion in this case applied the federal "harmless beyond a reasonable doubt" test to determine whether the trial court's failure to balance under OEC 403 was prejudicial. Holt I , 279 Or. App. at 672, 381 P.3d 897. The Supreme Court has since held that that is the wrong test; although the application of OEC 403 is constitutionally required, a trial court's failure to comply with that balancing requirement is a violation of state evidence rules, so the state harmless error test is applicable. Baughman , 361 Or. at 408 n 11, 393 P.3d 1132. Under that test, the question is whether we can "conclude that there was little likelihood that the trial court's error affected its judgment of conviction." Zavala , 361 Or. at 385, 393 P.3d 230 (citing State v. Davis , 336 Or. 19, 32, 77 P.3d 1111 (2003) ).
In the state's view, the balancing error in this case had little likelihood of affecting the judgment for the same reasons as in Zavala : The evidence of defendant's previous intimate conduct with EC was admitted, like the evidence in Zavala , to prove defendant's sexual disposition toward the victim, and "[s]uch nonpropensity evidence is generally admissible, unless, of course, the particular facts demonstrate a risk of prejudice that substantially outweighs its probative value." 361 Or. at 385, 393 P.3d 230. And, the state argues, defendant has not advanced a meritorious argument that acknowledges that probative value of the evidence or that provides any basis for concluding that the failure to conduct the balancing actually affected the decision at all. In fact, the state argues, "the trial court would have committed reversible error had it excluded the evidence on balancing grounds." (Emphasis added.)
Defendant disagrees with each part of the state's harmless error analysis. In defendant's view, evidence of his *833 sexual predisposition toward EC is simply propensity evidence, because "[a] person's 'sexual disposition' is a character trait of that person," and the person's "sexual inclination" toward a person "is another way of saying that he or she is likely to act in conformity with that character trait." Defendant argues that such evidence is manifestly unfairly prejudicial, because it asks the jury to find that he engaged in the charged acts of intimate conduct because he had done so before. Furthermore, he argues that evidence that he previously kissed EC, snuggled with her, lay with her on the couch, talked to her on the phone, and asked her for photographs had relatively little probative value with respect to his sexual predisposition toward EC compared to other unchallenged evidence-specifically, that defendant had asked EC whether he could "finger" her or have sex with her during one of the *202 charged incidents. In defendant's view, a trial court conducting OEC 403 balancing with regard to evidence not only could determine that the probative value was substantially outweighed by the risk of unfair prejudice, it would be required to make that determination and exclude the evidence.
We are not persuaded by either of the parties' polar positions with respect to the permissible outcomes of balancing in this case. Defendant's argument that the trial court would have had no choice but to exclude the evidence follows from his contention that a theory of relevance based on "sexual predisposition" is actually a propensity theory and that the evidence has no other probative value. That argument conflicts with Zavala , which is expressly predicated on the understanding that the McKay theory of relevance to show sexual predisposition is a nonpropensity theory. 361 Or. at 385, 393 P.3d 230 ("[T]he evidence appeared to be relevant for a nonpropensity purpose-to prove defendant's sexual disposition for the victim. Such nonpropensity evidence is generally admissible * * *."); accord State v. Gonzalez-Sanchez , 283 Or. App. 800, 808 n 3, 391 P.3d 811, rev. den. , 361 Or. 645, 398 P.3d 41 (2017) (rejecting the same argument, before Zavala had been decided, on the ground that it was inconsistent with McKay ).
We likewise reject the state's contention that it would have been error for the trial court to exclude the evidence after conducting OEC 403 balancing. Whether or not *834 "sexual predisposition" is a propensity theory, admission of evidence of defendant's intimate conduct toward EC, a 15-year-old girl, posed a risk that the jury would use that evidence improperly to convict defendant based on his character rather than on whether the charged acts occurred. At the same time, the trial court could have determined that, under the circumstances, the probative value of that earlier intimate conduct to show "sexual predisposition" was relatively low in light of the unchallenged evidence that defendant explicitly propositioned sexual contact with EC, which provided more direct evidence that he had a sexual interest in her and that the charged acts were motivated by and consistent with that sexual interest. Depending on how the trial court weighed that probative value against the risk of unfair prejudice, it permissibly could have exercised its discretion to admit or exclude some or all of the evidence of defendant's previous conduct with EC; either decision would have fallen within the permissible range of outcomes.
For that reason, this case is distinguishable from Zavala in that defendant has identified a "meritorious argument that could persuade a trial court to exclude the challenged evidence." 361 Or. at 385, 393 P.3d 230 (emphasis added). Therefore, because we cannot say that the failure to conduct balancing had no significant effect on the trial court's decision to admit that evidence, the only question is whether the admission of the evidence had little likelihood of affecting the jury's verdict. See Davis , 336 Or. at 32, 77 P.3d 1111. This case was largely a credibility contest in which defendant denied that the charged conduct had occurred. In light of the potential prejudice that we identified earlier-that is, the risk that the jury would convict based on defendant's character rather than on whether he committed the charged acts, we cannot say that the admission of the evidence of defendant's prior intimate conduct with the victim had little likelihood of affecting the verdict.[2]
*835 That brings us to the parties' dispute over the appropriate remedy for the error. The state asserts that, if the error was not harmless, we should remand to the trial court to determine "whether, after conducting a correct analysis under OEC 404 and OEC 403, other acts evidence should again be received and whether a new trial is required or appropriate." Baughman , 361 Or. at 410, 393 P.3d 1132 ; see also *203 State v. Brown , 286 Or. App. 714, 717, 401 P.3d 301 (2017), rev. den. , 362 Or. 389, 411 P.3d 385 (2018) ("[U]nder Baughman , the appropriate remedy for the trial court's failure to balance under OEC 403 is a limited remand, rather than a new trial."). Defendant, on the other hand, "maintains that any decision to admit the evidence under OEC 403 would be an abuse of discretion, a new trial is required, and that is the remedy that this court should grant."
As previously discussed, 292 Or. App. at 833, 426 P.3d at 201-02, we disagree with defendant's premise that exclusion of the evidence is necessarily required by OEC 403 on this record. We therefore agree with the state that the appropriate remedy is the limited remand described in Baughman .
Reversed and remanded.

Nothing in the Supreme Court's trilogy of OEC 403 cases changes our conclusions that defendant's claim of error was preserved and that it was, in fact, error for the trial court to admit the evidence without conducting OEC 403 balancing. We adhere to those conclusions and, on remand, address only the questions of harmlessness and remedy raised in the parties' supplemental briefing.

We reached the same conclusion in our original opinion when applying the federal harmless error analysis. Holt I , 279 Or. App. at 672, 381 P.3d 897 ("Here, the trial court could conclude that 'the evidence is so unfairly prejudicial as to be inadmissible under OEC 403.' Brumbach , 273 Or. App. at 565, 359 P.3d 490. And, with that evidence excluded, the outcome of the trial could have been different.").