Argued and submitted June 17, judgment for damages reversed in part and remanded; otherwise affirmed July 22, reconsideration denied December 9, 1992, petition for review denied February 23, 1993 (315 Or 442)

Richard W. ALEXANDER
and Universal Fabrication Company,
*Respondents,*

*v.*

U.S. TANK & CONSTRUCTION CO., INC.;
U.S. Tank & Construction Co., Inc.;
ADCO Construction Co. and E. J. Leason,.
*Appellants.*

(C890308CV)

U.S. TANK & CONSTRUCTION CO., INC.,
*Appellant,*

*v.*

Richard W. ALEXANDER,
*Respondent.*

(C891031CV; CA A67798)

834 P2d 532

David J. Sweeney, Portland, argued the cause for appellants. With him on the briefs were Paul G. Dodds and Brownstein, Rask, Sweeney, Kerr, Grim & DeSylvia, Portland.

Douglas J. Combs, Portland, argued the cause for respondents. With him on the brief was Case & Dusterhoff, Portland.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

In these consolidated actions, Alexander, Leason and corporations of which they are the respective sole shareholders sought damages and other relief from one another, arising out of a joint venture arrangement in which they were co-participants. The joint venture was formed verbally, and the principal dispute concerns whether the individuals or only the corporations were parties to it. Contending that the corporations were the only parties, Leason appeals and assigns error to the denial of his motion for a directed verdict and, after a trial to the court, the award of damages against him personally as well as against his present corporation.[1]

■      We find no evidence that Alexander and Leason were parties to the joint venture. The evidence and the inferences were all to the effect that only the corporations were joint venturers. The trial court's findings that suggest the contrary appear to be based on the fact that the two men were the active entities in the arrangement and that, with or without their corporate veils, they had engaged in many business projects together in the past. Those facts do not show that the men, rather than the corporations, were the joint venturers. Rather, it shows no more than that corporations can only act through natural persons. The history of past dealings does not have any tendency to prove what the structure of the current arrangement was, especially in view of the fact that corporations were often involved in the previous arrangements.

■      The trial court also stated, in a finding, that both Alexander and Leason "treated their corporations * * * as their alter egos" in conducting their business, generally and with each other. Leason argues that the "alter ego" theory was not pleaded and that, besides, the facts necessary to meet the legal standard for applying the theory were not established. Alexander responds that the evidence was sufficient to establish each necessary fact and that, independently of the issue of whether the individuals were parties to the joint

---

[1] Although that corporation and related ones, as well as Leason, are appellants, the only relief sought on appeal is reversal of the award of damages against Leason personally. In this opinion, we will refer to the corporations affiliated with the individuals as well as the individuals themselves by the use of the latters' names.

venture, the "alter ego" theory is sufficient to support the judgment against Leason.

In *Amfac Foods v. Int'l Systems*, 294 Or 94, 654 P2d 1092 (1982), the court first made clear that terms such as "alter ego" and others aimed at imposing shareholder liability for corporate debts "purport to state a rule, but generally state merely a result." 294 Or at 102. (Footnote omitted.) Whether a corporation is an "alter ego" of an individual is not a discrete question of fact; it is a legal conclusion by which shareholder liability can be imposed that in turn depends on the proof of underlying facts. *Amfac* defined those facts:

"When a plaintiff seeks to collect a corporate debt from a shareholder by virtue of the shareholder's control over the debtor corporation rather than on some other theory, the plaintiff must allege and prove not only that the debtor corporation was under the actual control of the shareholder but also that the plaintiff's inability to collect from the corporation resulted from some form of improper conduct on the part of the shareholder. This causation requirement has two implications. The shareholder's alleged control over the corporation must not be only potential but must actually have been exercised in a manner either causing the plaintiff to enter the transaction with the corporation or causing the corporation's default on the transaction or a resulting obligation. Likewise, the shareholder's conduct must have been improper either in relation to the plaintiff's entering the transaction or in preventing or interfering with the corporation's performance or ability to perform its obligations toward the plaintiff." 294 Or at 108-09. (Footnote omitted.)

We agree with Alexander that there was evidence enough to support a finding of each of the necessary facts against Leason. However, when two theories serve as alternative bases for liability and the evidence is sufficient to support only one, we cannot affirm the denial of a directed verdict, unless it affirmatively appears that the fact finder based its finding on the theory that has evidentiary support. *See Whinston v. Kaiser Foundation Hospital*, 309 Or 350, 788 P2d 428 (1990). We cannot make that determination here. The only reference to the "alter ego" theory that appears in the trial court's findings or its memorandum opinion is the

conclusory one that we have quoted. A remand is necessary, with further proceedings limited to the "alter ego" theory.

Judgment for damages against E. J. Leason reversed and remanded for proceedings not inconsistent with this opinion; otherwise affirmed.