Argued and submitted July 22, affirmed October 19, 1994

Richard W. ALEXANDER
and Universal Fabrication Company,
an Oregon corporation,
*Respondents,*

*v.*

U.S. TANK & CONSTRUCTION CO., INC.,
an Oregon corporation;
U.S. Tank & Construction Co., Inc.,
a Washington corporation;
Adco Construction Co.,
a Washington corporation,
*Defendants,*
*and*

E. J. LEASON,
*Appellant.*
(C890308CV; CA A81316)
883 P2d 858

David J. Sweeney argued the cause for appellant. With him on the briefs were Paul G. Dodds and Brownstein, Rask, Sweeney, Kerr, Grim & DeSylvia.

Douglas G. Combs argued the cause for respondents. With him on the brief was Case & Dusterhoff.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

## WARREN, P. J.

Defendant Leason[1] appeals from a judgment requiring him to pay damages to plaintiffs. We affirm.

This appeal follows our remand of the case to the trial court. *Alexander v. U.S. Tank & Construction Co., Inc.*, 114 Or App 266, 834 P2d 532 (1992), *rev den* 315 Or 442 (1993). Plaintiff Alexander was the sole shareholder of plaintiff Universal Fabrication Company. Leason is the sole shareholder of the U.S. Tank and Construction Co. (U.S. Tank) corporations. Alexander, Leason and their respective corporations sought damages and other relief from one another, arising out of an oral joint venture agreement. The judgment entered after the trial ordered Leason and U.S. Tank to pay damages to respondents Alexander and his corporation. Leason alone appealed, arguing that the trial court erred in holding him personally liable.

On the first appeal, we observed that the trial court had apparently considered two legal theories as alternative bases for liability. Leason contended that neither theory provided grounds for holding him personally liable. First, he argued that there was no evidence showing that he was an individual member of a joint venture with plaintiffs. We agreed, concluding that only the corporations were parties to the joint venture. 114 Or App at 268. Next, Leason argued that plaintiffs did not plead that he was the "alter ego"[2] of U.S. Tank, and that the facts necessary to impose alter ego liability were not established at trial. We did not need to address Leason's pleading argument. *See Fulton v. White Motor Corp.*, 261 Or 206, 221, 493 P2d 138 (1972). We determined that there was sufficient evidence to support the conclusion that Leason could be held personally liable as the

---

[1] Leason is the only defendant who is a party to this appeal.

[2] Generally, corporate shareholders are not responsible for the debts of a corporation beyond their capital contributions. ORS 60.151. Under certain circumstances, however, creditors may "pierce the corporate veil" and hold shareholders responsible beyond their capital contributions. One of those circumstances may arise when a creditor cannot collect from a corporation because a shareholder who controls or dominates the corporate form, treating it as an alter ego, has engaged in improper conduct. *See Amfac Foods v. Int'l Systems*, 294 Or 94, 654 P2d 1092 (1982); *Schlecht v. Equitable Builders*, 272 Or 92, 535 P2d 86 (1975).

alter ego of U.S. Tank. *Alexander v. U.S. Tank & Construction Co., Inc., supra,* 114 Or App at 269. However, because we could not determine whether the trial court held Leason personally liable under an alter ego theory, supported by the evidence, or as an individual joint venturer, not supported by the evidence, we remanded for further proceedings. The *only* issue on remand was whether the trial court had "based its finding on the theory that has evidentiary support." 114 Or App at 269.

On remand, one of the trial court's conclusions of law was that "[t]he 'alter ego' theory * * * was exactly the basis on which this court rendered its decision at trial." That resolved the only issue on remand. The court also concluded that plaintiffs had pleaded a theory of alter ego liability against Leason and that the parties had consented to litigate that issue at trial. ORCP 23B.

On this appeal, Leason contends that the court erred as a matter of law in drawing its conclusions about pleading and consent. Those conclusions of law, however, were beyond the scope of the remand. Therefore, we need not address Leason's assignment of error.

Affirmed.