On appellant's petition for reconsideration filed February 20, reconsideration allowed; former opinion (185 Or App 382, 59 P3d 1288) adhered to May 15, 2003

## J.C. COMPTON COMPANY,
an Oregon corporation,
dba River-Bend Sand & Gravel Co.
and Valley Concrete,
*Respondents,*

*v.*

Ronald BREWSTER;
Jerry Molan; Daniel L. Kerr;
Unique Concrete Products, Inc.,
an Oregon corporation;
DK Concrete, LLC,
dba Unique Concrete Services;
John Does 1, 2, and 3;
and John Doe Legal Entities 1, 2, and 3,
*Defendants,*

*and*

## DK INVESTMENT COMPANY, LLC,
*Appellant.*

Jerry L. MOLAN,
*Third-Party Plaintiff,*

*v.*

DK CONCRETE, LLC,
*Third-Party Defendant.*

DK INVESTMENT COMPANY, LLC,
on behalf of Unique Concrete,
*Third-Party Plaintiff,*

*v.*

RIVER-BEND SAND & GRAVEL CO.,
and Valley Concrete;
Jerry Molan; Ronald Brewster;
DK Concrete, LLC,
dba Unique Concrete Services;
and Tom Bauer,
*Third-Party Defendants.*

97C-12191; A104352

69 P3d 719

Clayton C. Patrick for petition.

Before Edmonds, Presiding Judge, and Kistler and Schuman,* Judges.

_____

* Schuman, J., *vice* Armstrong, J.

SCHUMAN, J.

**SCHUMAN, J.**

Defendant DK Investment Co., LLC, petitions for reconsideration of our decision in this contract dispute between two businesses. *J.C. Compton Co. v. Brewster*, 185 Or App 382, 59 P3d 1288 (2002). We grant the petition and adhere to our former opinion.

The facts relevant to the disposition of this petition are as follows. Plaintiff sued defendant for breach of contract. The trial court entered judgment awarding damages to plaintiff. We affirmed.

■ In its fourth assignment of error, defendant asserted that "[t]he trial court erred in allowing documentary evidence and testimony regarding evidence of settlement negotiations between the plaintiff and defendant." Defendant cited a portion of the transcript in which the trial court denied its motions *in limine* and it made a "continuing objection." Defendant did not recite or refer to any particular exhibits or testimony. Because it listed the documents at issue in the first paragraph of the "Argument" section of its brief, we addressed those documents and concluded that they did not deal with settlement negotiations. The testimony in question was elicited from Walton, plaintiff's controller. We refused to consider defendant's arguments concerning that testimony because

> "the assignment of error does not identify any particular statements by Walton, whose testimony occupies more than 250 pages of transcript. We will not search the record in order to identify and evaluate every statement that was admitted arguably in violation of OEC 408. *See* ORAP 5.45(4)(c) ('The court may decline to consider any assignment of error that requires the court to search the record to find the error.')."

*J.C. Compton Co.*, 185 Or App at 388. In its petition for reconsideration, defendant argues that pursuant to ORAP 6.25(1)(a) we made a factual error:

> "[I]n the Appellant's Brief at page 40 the defendant stated: 'As seen from the lengthy discussion of the negotiations * * * as summarized in the Summary of Facts, a variety of different offers and counter-proposals were made back and

> forth between the parties, and disputes arose during the course of those negotiations as to what might be accomplished to satisfy the plaintiff * * *.' The Summary of Facts summarizes this objected testimony of Walton at Appellant's Brief pages 5 through 12. Each of the statements of Walton relating to the negotiations between plaintiff and defendant is cited to the transcript. The Court thus did *not* have to 'search the record' to find these statements, because the statements enumerated and cited in the Summary of Facts were incorporated by reference into the Assignment of Error. There was no room to repeat all of these eight pages in the body of the brief, because it was already at the page limit."

(Emphasis in original.) Defendant, in other words, would have the court first refer back to seven pages of his "Summary of Facts," in which references to documents and testimony are presented in summary form, chronologically; separate the references to testimony from the references to documents; determine which parts of the testimony might have referred to settlement negotiations (much of the testimony summarized in the pages did not); find the testimony in the transcript, which contained over 700 pages, none of which was attached to the brief or contained in an excerpt of record; and then, unaided by any specific argument in defendant's brief, determine whether the testimony should have been excluded. In sum, defendant's presentation does not meet the requirements of ORAP 5.45(4). *See Hayes Oyster Co. v. Dulcich*, 170 Or App 219, 224, 12 P3d 507 (2000) ("The requirement that an appellant set out the pertinent portions of the record in its opening brief is not a meaningless formality.").

■     Defendant also argued in its opening brief that the trial court erred in not giving the jury a requested instruction regarding third-party beneficiaries. According to defendant, apparently, the basis for that instruction would have been that plaintiff was the third-party beneficiary of a contract between defendant and the company it purchased, Unique Concrete. That contract contained an integration clause, and, because plaintiff was a third-party beneficiary of that contract, its integration clause operated to exclude all evidence of an agreement between plaintiff and defendant, as well as all evidence of the agreement between defendant and

Unique, the actual parties. The requested jury instruction, defendant contends, would have allowed the jury to consider that theory. Our opinion did not deal with that argument. In its petition for reconsideration, defendant urges us to correct that "omission."[1]

In fact, we did consider the argument and rejected it without discussion. We did so because defendant's brief did not state the theory described above or any other; it did not indicate what evidence demonstrated that plaintiff was a third-party beneficiary of the contract between defendant and its predecessor; and it contained no legal argument that, even if plaintiff were a third-party beneficiary, it would be bound by the integration clause.

Reconsideration allowed; former opinion adhered to.

---

[1] A contention that we have "omitted" a response to a party's argument is not grounds for reconsideration. ORAP 6.25. Reading defendant's petition liberally, we treat it as an assertion that we "erred in construing or applying the law." ORAP 6.25(1)(e).