DeVORE, J.
*408 *537 This case comes to us on remand from the Supreme Court. State v. Altabef , 361 Or. 885, 403 P.3d 768 (2017). In our initial decision, we held that the trial court committed reversible error as to the counts on which defendant was convicted by admitting evidence of defendant's previous conduct toward the victim without first balancing the probative value of that evidence against its risk of unfair prejudice under OEC 403, and we remanded for a new trial on those counts. State v. Altabef , 279 Or. App. 268, 379 P.3d 755 (2016). We rejected the remainder of defendant's assignments of error without written discussion. Id. at 269, 379 P.3d 755. After our decision, the Supreme Court decided State v. Baughman , 361 Or. 386, 393 P.3d 1132 (2017), State v. Mazziotti , 361 Or. 370, 393 P.3d 235 (2017), and State v. Zavala , 361 Or. 377, 393 P.3d 230 (2017), which addressed "various issues related to OEC 403 balancing, including the analysis of harmless error in that context and whether the correct remedy for such an error is a new trial or a more limited remand." State v. Holt , 292 Or. App. 826, 828, 426 P.3d 198 (2018). The Supreme Court vacated our decision and remanded for reconsideration in light of Zavala , Mazziotti , and Baughman . Altabef , 361 Or. at 885, 403 P.3d 768.
On remand, we again conclude that the trial court committed reversible error in failing to conduct OEC 403 balancing. Defendant concedes, and we agree, that the appropriate remedy is the type of limited remand described in Baughman . The state, however, contends that a remand for balancing is unnecessary because the trial court's failure to have done so is harmless error. We reject that contention for the reasons that follow.
Defendant was charged with four sexual crimes for conduct against his niece, J. We summarized the relevant facts in our first opinion:
"J alleged that defendant sexually abused her three times between November 2012 and January 2013. The charges concern the latter two incidents. J said that the first incident happened at her grandparents' house in Snohomish County, Washington, while she and her family visited over Thanksgiving. The second incident happened during the *538 car ride back home from her grandparents' house, while defendant shared the backseat with J and her younger sister. The third incident happened at her parents' house in Oregon while defendant babysat for J and her sister."
279 Or. App. at 269, 379 P.3d 755.
Before trial, defendant moved to exclude evidence of the first incident and evidence of any conduct during the car ride back from Washington that occurred outside of Oregon. Defendant argued that the evidence was irrelevant or relevant only to show propensity, and defendant requested that the court conduct OEC 403 balancing before admitting the evidence. The state argued that such evidence was relevant for nonpropensity reasons under OEC 404(3)" 'to explain the victim's disclosure, to place the various incidents in context (including the incident that occurred at the victim's residence), to explain the defendant's opportunity to commit the crime and accessibility [sic ] to the victim, and to explain the defendant's predisposition toward the victim.' " Id. at 270, 379 P.3d 755. The trial court held that the evidence was relevant because "it is important to explain how this all came about" and admitted it without conducting OEC 403 balancing. Id. at 270 & n 3, 379 P.3d 755.
We held that the trial court erred in failing to balance the probative value of the evidence against its prejudicial effect before admitting the evidence. Id. at 273, 379 P.3d 755. Because we could not conclude that the error was harmless, we reversed and remanded for a new trial.[1] Id.
*409 As noted above, the Supreme Court vacated and remanded this case to us for reconsideration in light of its decisions in Baughman , Mazziotti , and Zavala . In Holt , a case similar to this one that was remanded for the same reason, we recently summarized the holdings of those cases:
"In Baughman , the court held that OEC 404(4) requires trial courts to conduct balancing under OEC 403 rather than a 'narrower, "due process" standard for evaluating *539 the admissibility of evidence.' 361 Or. at 399 [393 P.3d 1132]. The court further determined that, in that case, the trial court erred in the manner in which it had conducted the required OEC 403 balancing and that the error was prejudicial. Id . at 407-08, 408 n 11 [393 P.3d 1132] (concluding that the error was prejudicial after applying the state law harmless error standard rather than the federal harmless error standard that this court had applied). Finally, the court addressed the appropriate remedy for the type of OEC 403 balancing error at issue, concluding that a more limited remand is required, whereby the trial court will 'determine, on a case-by-case basis, whether, after conducting a correct analysis under OEC 404 and OEC 403, other acts evidence should again be received and whether a new trial is required or appropriate.' 361 Or. at 410 [393 P.3d 1132].
"In Mazziotti , the court similarly rejected the state's argument that 'traditional' OEC 403 balancing was not required, and it held that the trial court in that case erred by failing to conduct the necessary OEC 403 balancing. 361 Or. at 374-75 [393 P.3d 235]. And, as it had in Baughman , the court explained that the appropriate remedy was a remand so that the trial court could decide, in the first instance, whether the error should result in a retrial. Mazziotti , 361 Or. at 376 [393 P.3d 235].
"Both Mazziotti and Baughman involved preserved claims of error with regard to the trial court's failure to conduct OEC 403 balancing. In the third case of the trilogy, Zavala , the question of preservation was in dispute. But rather than work through those preservation issues, which the court described as a 'briar patch,' it affirmed the trial court's judgment-and reversed our decision-on the ground that any error was harmless. 361 Or. at 384 [393 P.3d 230]. In reaching that outcome, the court explained that the balancing error in Zavala did not involve improperly characterized propensity evidence, as had been the case in Baughman , but had been the failure to consider the probative value of the evidence for a nonpropensity purpose-the defendant's sexual predisposition toward the victim-which is generally admissible unless the particular facts demonstrate a risk of prejudice that substantially outweighs its probative value. Zavala , 361 Or. at 384 [393 P.3d 230]. Because the defendant had not advanced 'a meritorious argument that could persuade a trial court to exclude the challenged evidence,' the court held that 'the trial court's failure to conduct balancing *540 under OEC 403 did not significantly affect its decision to admit that evidence' and, consequently, 'that there was little likelihood that the trial court's error affected its judgment of conviction.' Id. at 385 [393 P.3d 230]."
292 Or. App. at 830-31, 426 P.3d 198 (emphasis in original).
In supplemental briefing on remand, the state contends that, in this case, as in Zavala , the trial court's erroneous failure to conduct OEC 403 balancing was harmless because, in the state's view, the trial court did, or could have, admitted the evidence under one or more of the nonpropensity theories urged at trial.
In Zavala , the trial court admitted the disputed evidence for a single nonpropensity reason: to show the defendant's sexual predisposition for the victim under State v. McKay , 309 Or. 305, 787 P.2d 479 (1990). 361 Or. at 379, 393 P.3d 230. The defendant did not request OEC 403 balancing in the trial court and, consequently, never addressed the *410 risk of unfair prejudice from the evidence. Id. at 379, 385, 393 P.3d 230. Again before this court and the Supreme Court, the only purpose for the evidence that the parties addressed was sexual predisposition under McKay , and again the defendant made no fact-specific argument about how the risk of unfair prejudice from the evidence outweighed its probative value under McKay . Id. at 385, 393 P.3d 230. In the absence of such an argument, the court had no ground on which to conclude that the trial court's failure to conduct OEC 403 balancing significantly affected its decision to admit the disputed evidence. Id.
We understand the court's holding in Zavala to have resulted from two related factors: the simplicity of the trial court's ruling-that the evidence was probative of the defendant's sexual predisposition for the victim under McKay -and the defendant's failure, before the trial court or on appeal, to identify any cogent reason that the trial court might conclude that the risk of unfair prejudice substantially outweighed that probative value. This case is not like Zavala . Here, defendant had several theories of relevance to address and made fact-specific arguments about the relative weight of the potential probative value of the evidence on those theories as compared to the risk of unfair prejudice.
*541 Mazziotti shows that the mere fact that evidence may be relevant for a nonpropensity purpose does not mean that a trial court's failure to conduct balancing is harmless error. There, the defendant was charged with failure to perform the duties of a driver, reckless driving, and reckless endangerment, and the trial court admitted evidence of the defendant's prior acts, and resulting convictions, after the state argued that they were probative of "motive and knowledge" and the defendant's "criminal intent" and "recklessness." 361 Or. at 372-73, 393 P.3d 235. The trial court declined the defendant's request to conduct OEC 403 balancing before admitting the evidence. Id. at 373, 393 P.3d 235. The Supreme Court held that OEC 403 balancing was required. Id. at 374, 393 P.3d 235. In the course of its analysis, the court noted that at least some of the "evidence proffered by the state undoubtedly was relevant for a nonpropensity purpose." Id. at 376, 393 P.3d 235. Nevertheless, the court reversed and remanded for the trial court to evaluate the purposes for which the proffered evidence was relevant and conduct balancing. Id. Thus, not every failure to conduct balancing before admitting nonpropensity evidence is harmless.
In this case, the trial court admitted the evidence for a nebulous combination of reasons, and defendant contended below and on appeal that the evidence should not be admitted for any of those reasons. Under those circumstances, we conclude that the failure to conduct balancing was not harmless. Consequently, we reverse and remand for the trial court to exercise its discretion to determine whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. Baughman , 361 Or. at 410-11, 393 P.3d 1132 (describing scope of remand).
Reversed and remanded as to Counts 2 and 4; otherwise affirmed.

In keeping with our case law at the time, we applied federal harmless error analysis and held that the error was not harmless beyond a reasonable doubt. Id. ; see Holt , 292 Or. App. at 832, 426 P.3d 198 (explaining that, before the Supreme Court decided Baughman , Mazziotti , and Zavala , we applied federal harmless error analysis to failures to balance and erroneous balancing under OEC 403 ).