Argued and submitted August 31, 2020, reversed and remanded March 24, petition for review denied July 29, 2021 (368 Or 511)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

STEVEN DANIEL GILPIN,
*Defendant-Appellant.*

Clackamas County Circuit Court
16CR78633; A169300

483 P3d 1222

Susie L. Norby, Judge.

Ryan E. Scott argued the cause for appellant. On the brief was Laura Graser.

Jennifer S. Lloyd, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

PER CURIAM

Reversed and remanded.

**PER CURIAM**

Defendant was found guilty by nonunanimous jury verdicts of second-degree manslaughter, driving under the influence of intoxicants, and several other serious misdemeanors related to a 2016 motorcycle crash. On appeal, defendant claims that the trial court erred by (1) denying his motion to dismiss for double jeopardy, (2) providing an amended definition of the term "recklessly" to the jury, and (3) instructing the jury that it could return nonunanimous verdicts. We reject the assignment related to double jeopardy without written discussion, and, because we reverse and remand based on the nonunanimous jury verdicts, we do not reach the second assignment.

In the third assignment, defendant contends that the trial court erred in instructing the jury that it could return nonunanimous verdicts. As to that argument, defendant—as the state concedes—is correct. The United States Supreme Court ruled in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), that nonunanimous jury verdicts for serious offenses violate the Sixth Amendment. After that ruling, the Oregon Supreme Court explained that, when an assignment of error regarding a nonunanimous verdict was preserved in the trial court and a jury poll established that the verdict was not unanimous, the error requires reversal. *State v. Flores Ramos*, 367 Or 292, 297, 478 P3d 515 (2020); *see also State v. Scott*, 309 Or App 615, 619, 483 P3d 701 (2021) (holding that requesting a unanimous instruction and excepting to the nonunanimous instruction given the jury was sufficient to preserve the argument). Because defendant here preserved his argument and the jury was not unanimous for any of the counts of conviction, we correct the error for the reasons set forth in *Flores Ramos*.

Reversed and remanded.