Argued and submitted September 3, 2020, affirmed July 14, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

AARON SCOTT ALTABEF,
*Defendant-Appellant.*

Marion County Circuit Court
13C41985; A169768

493 P3d 1099

Defendant appeals from a judgment of conviction for first-degree sodomy, ORS 163.405, and first-degree sexual abuse, ORS 163.427, following the trial court's determination on remand that the prejudicial nature of prior acts evidence did not outweigh its probative value under OEC 403. Defendant argues that the trial court erred on remand when it admitted the prior acts evidence, contending that the court erroneously balanced the arguments in light of the prosecutor's presentation of the evidence at trial. Defendant also repeats three assignments of error previously rejected on the merits in a prior appeal. *Held*: The trial court did not err as a matter of law nor abuse its discretion when balancing the probative value and prejudicial nature of the evidence under OEC 403. The law of the case precluded review of defendant's remaining three assignments of error.

Affirmed.

Thomas M. Hart, Judge.

Mark J. Geiger argued the cause and filed the briefs for appellant.

Rolf C. Moan, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

DeVORE, P. J.

Affirmed.

**DeVORE, P. J.**

Defendant appeals from a judgment of conviction for first-degree sodomy, ORS 163.405, and first-degree sexual abuse, ORS 163.427, following our decision in an earlier appeal in which we reversed defendant's convictions and remanded for the trial court to balance the probative value and prejudicial nature of prior acts evidence under OEC 403.[1] *State v. Altabef*, 293 Or App 535, 541, 429 P3d 407 (2018) (*Altabef III*) (remanding for proceedings consistent with *State v. Baughman*, 361 Or 386, 410-11, 393 P3d 1132 (2017)).

Defendant argues that the trial court erred on remand when it admitted the prior acts evidence. He contends that the court overstated the evidence's probative value in light of the prosecutor's oral arguments at trial and understated its prejudicial value. In addition, defendant repeats three assignments of error that we rejected on the merits without discussion in his first appeal. *State v. Altabef*, 279 Or App 268, 269, 379 P3d 755 (2016) (*Altabef I*), *vac'd and rem'd on other grounds*, *State v. Altabef*, 361 Or 885, 403 P3d 768 (2017) (*Altabef II*). We affirm, because the law of the case precludes review of defendant's second through fourth assignments and because the trial court did not err as a matter of law nor abuse its discretion when balancing the probative value and prejudicial nature of the evidence under OEC 403.

Defendant was charged with four sexual crimes for conduct involving his niece, J. We summarized the relevant facts in *Altabef I*:

"J alleged that defendant sexually abused her three times between November 2012 and January 2013. The charges concern the latter two incidents. J said that the first incident happened at her grandparents' house in Snohomish County, Washington, while she and her family visited over Thanksgiving. The second incident happened during the car ride back home from her grandparents' house, while

---

[1] OEC 403 provides that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence."

defendant shared the backseat with J and her younger sister. The third incident happened at her parents' house in Oregon while defendant baby sat for J and her sister. J's parents—defendant's sister and brother-in-law—reported what J told them to the police."

279 Or App at 269.

Before trial, defendant moved to exclude evidence of the first incident at the grandparents' house and evidence of any conduct during the car ride back from Washington that occurred outside of Oregon. *Altabef III*, 293 Or App at 538. That evidence included testimony that defendant had told J not to tell anyone about the abuse. Defendant argued that the evidence was irrelevant or relevant only to show propensity, and defendant requested that the trial court perform OEC 403 balancing before admitting the evidence. *Id.* The trial court held that the evidence was admissible and admitted it without conducting OEC 403 balancing. *Id.*

In his first appeal, defendant renewed his arguments under OEC 403 and asserted seven other assignments of error.[2] *Altabef I*, 279 Or App at 269. We agreed with defendant that the trial court erred when it failed to balance the probative value and prejudicial effect of the prior acts evidence and reversed and remanded for a new trial on that basis. *Id.* at 273. We "reject[ed] the remaining assignments without discussion." *Id.* at 269.

The state sought review from the Supreme Court, challenging our determination on OEC 403 and disputing the scope of remand required when a trial court fails to perform the OEC 403 balancing test. Defendant did not cross-petition for review of the seven other assignments of error we had rejected in *Altabef I*.

---

[2] Among those seven assignments of error, defendant assigned error to the trial court's denial of his amended motion to suppress his statements to J's parents, arguing that the parents were acting as agents of the police and the statements were involuntary; the trial court's denial of his motion *in limine* seeking the admission of J's actions and statements to show knowledge of sexual matters; and the trial court's denial of his motion *in limine* to exclude all of defendant's admissions obtained through impermissible vouching by J's parents acting as state agents. Those are the three assignments of error that defendant renews on this appeal.

Thereafter, the Supreme Court decided a trilogy of cases that addressed the appropriate remedy for cases in which a trial court fails to perform balancing under OEC 403. The court concluded that, rather than a remand necessitating a full new trial, a more limited remand is appropriate, whereby the trial court will "determine, on a case-by-case basis, whether, after conducting a correct analysis under OEC 404 and OEC 403, other acts evidence should again be received and whether a new trial is required or appropriate." *Baughman*, 361 Or at 410; *See also State v. Zavala*, 361 Or 377, 393 P3d 230 (2017); *State v. Mazziotti*, 361 Or 370, 393 P3d 235 (2017).

The Supreme Court reversed and remanded our decision in *Altabef I* to us, directing that

> "The decision of the Court of Appeals is vacated, and this case is remanded to the Court of Appeals for reconsideration in light of *State v. Zavala* \*\*\*; *State v. Mazziotti* \*\*\*; and *State v. Baughman* \*\*\*."

*Altabef II*, 361 Or 885. On remand, we again concluded that the trial court committed reversible error in failing to conduct balancing under OEC 403 and that the error was not harmless. *Altabef III*, 293 Or App at 537, 541. Consistent with *Baughman*, we reversed and remanded "for the trial court to exercise its discretion to determine whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice." *Id.* at 541. In addition, we observed that we had previously "rejected the remainder of defendant's assignments of error without written discussion" in *Altabef I. Id.* at 537.

In the ensuing hearing and prehearing memo, defendant argued that the prior acts evidence should not be admitted because the prejudice of the jury potentially using that evidence to conclude that defendant had a predisposition toward sexual abuse outweighed any probative value. Defendant acknowledged the limited scope of the remand, but "incorporated by reference" three of his unsuccessful assignments of error from his first appeal as asserted in his original appellate brief. Defendant argued that, in the event of a further appeal, this court would "have a chance to

re-address those issues because [we] didn't address them in the original opinion."

In its prehearing memo, the state argued that the prior acts evidence was admissible under either OEC 404(3) or OEC 404(4) through multiple theories of relevance, including to help explain J's delayed reporting to her parents and the police, to demonstrate defendant's sexual predisposition to J, to rebut claims from J's grandparents that J's account was not credible, and to show defendant's propensity to commit sex abuse against J. The state argued that the probative value of the evidence outweighed any potential prejudice to the defendant.

The trial court admitted the evidence. The trial court determined that the evidence was relevant to explain J's delayed disclosure following multiple instances of abuse and that "the other reasons [of relevancy] as set forth in the [s]tate's memorandum are equally important." When balancing under OEC 403, the trial court concluded that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice.

On appeal here, defendant first asserts that, under OEC 403, the trial court erred when it admitted the two instances of prior acts evidence—his sexual abuse of J at her grandparents' home in Washington and on the car ride back to Oregon. We do not understand defendant to dispute that the evidence could generally be relevant to support the theories explained by the trial court, such as why J did not immediately tell others about the abuse. Rather, defendant contends that the evidence was irrelevant for those purposes only in light of the lack of emphasis placed on those theories in the prosecutor's oral arguments at trial. Because the trial court did not assess the theories of relevance by "examining the prosecutor's case theory, opening[,] and closing statements" at trial, defendant argues that the trial court improperly assessed the evidence's probative value. Defendant then argues that any probative value was outweighed by the prejudice of portraying "defendant as a predator who was 'after' [J]."

The state responds that the evidence was admissible under multiple theories of relevance, including to explain J's

delayed disclosure, which sufficiently supported the state's need for, and the probative value of, the evidence. The state also argues that the trial court acted within its discretion when it determined that the probative value outweighed the prejudicial nature of the evidence.

We review a trial court's determination that prior acts evidence is relevant for nonpropensity or propensity purposes under OEC 404(3) or OEC 404(4) for legal error. *State v. Rockett*, 302 Or App 655, 667, 463 P3d 1 (2020). We review a trial court's balancing under OEC 403 for an abuse of discretion and "generally [defer] to the trial court's decision whether the probative value of the evidence is substantially outweighed by the potential for prejudice." *State v. Borck*, 230 Or App 619, 636, 216 P3d 915 (2009) (internal quotation marks omitted).

When assessing the relevance of prior acts evidence on remand, and, relatedly, the probative value of those relevancy theories, the trial court is not limited to the theories advanced by the parties at the preceding trial. *See Baughman*, 361 Or at 410-11 (noting that the parties will be "entitled to make new arguments about the purposes *** for which proffered other acts evidence is relevant" on remand); *State v. Davis*, 288 Or App 451, 452-53, 406 P3d 218 (2017) (declining to limit the parties on remand to the same OEC 403 arguments the parties originally made to the trial court). On remand, therefore, parties may advance relevancy theories regardless of the specific oral arguments they made at the trial or the fervor with which they made them.

The trial court can also review the proposed relevancy theories not only in light of how a prosecutor actually articulated the purpose of the evidence in her closing argument, but also by considering how the factfinder or jury could potentially view the evidence. *See State v. Kristich*, 226 Or 240, 245, 359 P2d 1106 (1961) (explaining that evidence of prior sexual abuse of the same victim was relevant to "complete the story of the crime on trial by proving its immediate context of happenings near in time and place" (internal quotation marks omitted)); *State v. White*, 252 Or App 718, 722-23, 288 P3d 985 (2012) (explaining that evidence of prior abuse

of the same victim was independently relevant to counter a possible inference that the delay in reporting was indicative of fabrication). For example, the trial court may consider whether, given the totality of evidence presented at the original trial, inherent weaknesses in the state's case could have left the jury with gaps of knowledge or "'uncertainties that might otherwise detract from the strength of the [state's] case.'" *White*, 252 Or App at 722 (quoting *State v. Galloway*, 161 Or App 536, 540-41, 984 P2d 934 (1999)).

Here, the fact that the trial court did not expound with an explicit review of how the proposed relevancy theories may have corresponded with a specific witness's testimony or a party's opening or closing arguments to the jury is not talismanic. Contrary to defendant's argument, the probative value of the evidence was not represented by how extensively the prosecutor relied on that evidence at trial or how many times she relied on a specific theory in her closing arguments. Instead, as in *White* and *Kristich*, the trial court was permitted to gauge the probative value of the evidence using theories of relevance that are based on filling possible independent gaps or spots of confusion in the narrative for the jury. It did just that when it determined that the overall presentation of evidence—including that J did not tell her parents about the abuse until weeks after it occurred—left an inherent risk that the jury could infer reasons for the delayed reporting. In this case, defendant's comparative-argument methodology does not provide a basis to conclude that the trial court erred when evaluating the relevance of the challenged evidence in light of the allegations and surrounding evidence in the case.

Next, the trial court did not abuse its discretion when weighing the probative value and prejudicial nature of the evidence under OEC 403. A trial court errs under OEC 403 if it fails to exercise discretion, refuses to exercise discretion, or fails to make a record which reflects an exercise of discretion. *State v. Mayfield*, 302 Or 631, 645, 733 P2d 438 (1987). Our role on appeal is to assess whether the trial court's decision falls within the range of legally permissible choices. *Rockett*, 302 Or App at 667; *see also State v. Rogers*, 330 Or 282, 310, 4 P3d 1261 (2000).

When balancing under OEC 403, the trial court engages in four parts of that process—analyzing the probative value or strength of the evidence, determining the prejudicial nature of the evidence, balancing the prosecution's need for the evidence against the countervailing potential for prejudice, and ruling as to what portion of the evidence is admissible. *Mayfield*, 302 Or at 645. That balancing process, however, does not require the trial court to recite those considerations in a particular manner. *State v. Anderson*, 363 Or 392, 404, 423 P3d 43 (2018). Instead, the trial court sufficiently engages in balancing when its ruling demonstrates that the trial court exercised its discretion and balanced the appropriate considerations in resolving the OEC 403 objection. *Id.*

Defendant argues, by relying exclusively on *State v. Holt*, 292 Or App 826, 426 P3d 198 (2018), that, because there was a risk of prejudice that the jury could have impermissibly used the prior acts evidence to convict him based on his character, the trial court was compelled to exclude the evidence under OEC 403. In *Holt*, the defendant was charged with the sexual abuse of a child and later challenged the admission of previous incidents of intimate conduct with the victim. *Id.* at 828. We remanded after determining that the trial court had admitted the evidence without engaging in balancing at all. *Id.* at 833-35.

Defendant misunderstands our conclusion in *Holt* when he argues that we reversed that case under OEC 403 because the prior incidents of intimate conduct definitively "posed too much of a risk that the jury would convict based on his character rather than on whether the charged acts occurred." Instead, we concluded that the error was not harmless where the case was "largely a credibility contest" and "[d]epending on how the trial court weighed [the] probative value against the risk of unfair prejudice, * * * *either decision would have fallen within the permissible range of outcomes*." *Id.* at 834 (emphasis added). We did not conclude that the prejudicial value of the evidence in *Holt* outweighed its probative value; rather, we remanded for the trial court to make that decision through balancing. We noted that both possible balancing outcomes were legally permissible. *Id.* at 834.

Here, as in *Holt*, it was within the legally permissible range of outcomes for the trial court to determine that the probative value of the prior instances of sexual contact with J outweighed the potential for prejudice. As the trial court determined, the evidence that defendant had previously sexually touched J and told her not to tell anyone was relevant to show why J had not reported the abuse immediately after it occurred. The state's need for that evidence was particularly significant where defendant denied that the events occurred at all; the state's case rested on the credibility of the victim's testimony against defendant. Explaining why the victim likely did not report the abuse until some time after it occurred was probative of the central issue in the case—whether the sexual abuse of J took place.

We conclude that the record sufficiently demonstrates that the trial court balanced that probative value against any possible prejudice to defendant and determined that the probative value outweighed any such prejudice. The court did not abuse its discretion under OEC 403 in admitting the prior acts evidence.

In his second through fourth assignments of error, defendant reasserts and recasts some of the arguments he made before us in his first appeal, which we rejected without discussion on that occasion. *Altabef I*, 279 Or App at 269. The state responds that our previous disposition means that defendant's remaining assignments of error are foreclosed from consideration on this appeal by the law of the case. Defendant counters that the law of the case does not apply, because when we explicitly reject assignments of error without discussion, he believes that disposition does not mean that we considered the merits of those assignments before rejecting them. The state is correct.

It is well-settled in Oregon that under the doctrine of the law of the case, where assignments of error present the same questions of law already decided in a previous appeal, the decisions in the former opinion govern. *State v. Pratt*, 316 Or 561, 569, 853 P2d 827 (1993); *Marr et al v. Putnam et al*, 213 Or 17, 23, 321 P2d 1061 (1958); *Douglas v. Rumelin et al.*, 130 Or 375, 377, 280 P 329 (1929); *Thompson v. Hawley*, 16 Or 251, 251, 19 P 84 (1888).

Before applying that principle here, we explain that when we reject assignments of error expressly but without discussion, that rejection serves as a substantive decision on those assignments. *See Meyer v. Livesley*, 61 Or 55, 57, 120 P 749 (1912) (explaining that even when not extensively discussed in an opinion, or even alluded to, where a material issue has been considered and disposed of by the court, it is the law of the case); *J.C. Compton Co. v. Brewster*, 187 Or App 709, 714, 69 P3d 719 (2003) (noting that rejecting an argument without discussion is the result of considering and rejecting the merits of that argument). That situation is to be distinguished from one in which we expressly declare that we do not *reach* an assignment of error because another issue renders consideration of the issue unnecessary, moot, or otherwise imprudent. *See State v. Gilpin*, 310 Or App 206, 207, 483 P3d 1222 (2021) (rejecting one assignment of error without discussion while declining to reach a second assignment of error). No such language was included in *Altabef I* to indicate that we did not fully consider defendant's other assignments of error.

We acknowledge that this case has had an unusual path. As detailed above, after we issued *Altabef I*, where we rejected all but defendant's OEC 403 argument without discussion, the state petitioned for review of that decision to the Supreme Court, assigning error only to the OEC 403 aspect of our decision. Defendant did not cross-petition for review of our rejection of his remaining assignments. The Supreme Court then vacated *Altabef I* and "remanded to the Court of Appeals for reconsideration in light of" its trilogy of cases addressing the OEC 403 issue. *Altabef II*, 361 Or 885. The Supreme Court's ruling in *Altabef II* regarding the OEC 403 argument did not negate our rejection of defendant's other assignments of error in *Altabef I*.

Because defendant did not cross-petition for review of our rejection of his various assignments for consideration in *Altabef II*, those issues were not before the Supreme Court when it vacated and remanded *Altabef I* to us for reconsideration in light of *Zavala*, *Mazziotti*, and *Baughman*. Our rejection of those assignments in *Altabef I* thus remained the law of the case and they were not subject to retrial. *See*

*Lindland v. United Business Investments*, 298 Or 318, 328 n 1, 328, 693 P2d 20 (1984) (holding that, where the plaintiff did not cross-petition for review of our reversal of an award for impairment of credit, that issue was not before the Supreme Court and became the law of the case).

Even *if* defendant were to argue that his relevant assignments of error were somehow before the Supreme Court when it decided *Altabef II*, the scope of the Supreme Court's limited remand to us for reconsideration "in light of *State v. Zavala* \*\*\*; *State v. Mazziotti* \*\*\*; and *State v. Baughman*" limited our consideration of other issues. All three cases addressed errors under OEC 403. Defendant's assignments of error on other issues were not relevant to our reconsideration under those cases. *See Alexander v. U.S. Tank & Construction Co., Inc.*, 130 Or App 590, 592-93, 883 P2d 858 (1994) (declining to consider arguments that were beyond scope of remand after first appeal). We have previously explained that when we remand for a trial court to address a specific question, in so remanding, we reject, "albeit implicitly," unaddressed assignments of error put before us in that first appeal. *Whitlock v. Klamath Cty. School District.*, 158 Or App 464, 475-76, 974 P2d 705 (1999). Similarly, *even if* we were to posit that the other assignments of error were somehow before the Supreme Court, its remand to us was *not* to revisit all issues; the unaddressed issues would have been implicitly rejected. In limiting our reconsideration in *Altabef II* in light of recent cases, the Supreme Court refrained from resurrecting defendant's unaddressed, unsuccessful assignments of error that were not challenged on review. Those issues were no longer before us, having already become final. And, to like effect, our remand to the trial court did not provide an opportunity to revisit the issues in the trial court.

For sound reasons, the law of the case precludes defendant from raising legal issues rejected in his earlier appeal—specifically, the second through fourth assignments of error here.[3]

---

[3] If defendant sought to argue that there has been a change in the law since our decision or that we misread or failed to address precedent, the avenue to do so would have been to request that we reconsider and overturn our ruling in his previous appeals on a basis supplied in ORAP 6.25.

In conclusion, the trial court did not err in admitting the challenged evidence of prior acts. And, we do not revisit assignments of error previously rejected.

Affirmed.