***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted September 14, affirmed October 12, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SEMISI TOLOKANA FUSITUA,
*Defendant-Appellant.*

Washington County Circuit Court
20CR62040, 20CN04761;
A175529 (Control), A175530

Andrew Erwin, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Bruce A. Myers, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and E. Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

In this consolidated appeal, defendant appeals a judgment of conviction for one count of second-degree criminal mischief, ORS 164.354, raising three assignments of error.[1] In his first assignment of error, he contends that the trial court erred when it "barred defendant from eliciting lay-witness-testimony about his mental illness." In his second assignment of error, he contends that the trial court erred when it "failed to instruct the jury that it must concur on which factual occurrence supported its verdict." In his third assignment of error, he contends that the trial court erred when it "did not require the state to elect which factual occurrence it relied on to support defendant's criminal mischief in the second-degree charge." We affirm.

Regarding defendant's first assignment of error, assuming the trial court erred in excluding the testimony of defendant's mother and brother concerning defendant's mental health, defendant failed to make an offer of proof, which precludes us from determining "whether any error in excluding the testimony was prejudicial." *State v. Krieger*, 291 Or App 450, 451, 422 P3d 300, *rev den*, 363 Or 599 (2018).

Moreover, the trial court did not abuse its discretion under OEC 403 in determining that, with regard to evidence that an officer had called a mental health response team regarding defendant, the danger of unfair prejudice substantially outweighed the probative value. OEC 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice ***."); *State v. Altabef*, 313 Or App 240, 245, 493 P3d 1099 (2021) ("We review a trial court's balancing under OEC 403 for an abuse of discretion and generally defer to the trial court's decision whether the probative value of the evidence is substantially outweighed by the potential for prejudice." (Brackets and internal quotation marks omitted.)). Given the evidence that the trial court did allow, it could permissibly determine within its discretion that the

---

[1] Defendant also appeals a judgment of contempt. But defendant's assignments of error on appeal pertain only to the judgment of conviction for second-degree criminal mischief. Consequently, we affirm the judgment of contempt.

officer's testimony that he called a mental health response team was of limited probative value and that that probative value was substantially outweighed by the danger of unfair prejudice.

Regarding defendant's second and third assignments of error, in light of the record in this case, we conclude that, even assuming the trial court erred, any error was harmless. *State v. Ashkins*, 357 Or 642, 660, 357 P3d 490 (2015).

Affirmed.