836 March 18, 2026 No. 208

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAMES LEROY BOGOSIAN,
*Defendant-Appellant.*

Washington County Circuit Court
23CR00489, 23CR19365; A183451 (Control), A183453

Theodore E. Sims, Judge.

Submitted December 19, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Marc D. Brown, Deputy Public Defender, Oregon Public Defense Commission, filed the opening brief for appellant. James Bogosian filed the supplemental brief *pro se*.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Defendant appeals from convictions, after a jury trial, of burglary in the first degree, ORS 164.225, robbery in the second degree, ORS 164.405, and menacing constituting domestic violence. ORS 163.190.[1] In three counseled assignments of error, defendant contends that the trial court erred: (1) in denying his motion to exclude a recording of defendant's jailhouse telephone conversation with a friend; (2) in admitting into evidence a letter written by defendant; and (3) in sentencing defendant on the burglary conviction consecutively to the sentence for robbery in the second degree. Defendant raises two additional *pro se* supplemental assignments of error. As explained below, we reject each assignment of error and affirm defendant's convictions.

In his first counseled assignment of error, defendant argues that the court erred in denying his motion *in limine* to exclude evidence of a recording of a telephone call that defendant made from the jail to an acquaintance before he had been appointed counsel, in violation of the Sixth Amendment to the United States Constitution and Article I, section 11, of the Oregon Constitution. Defendant points to the court's failure to appoint him counsel until he was in custody for three weeks, contending that that failure prevented him from receiving counsel's advice before making the telephone call that included incriminating statements.

---

[1] In Washington County Case No. 23CR00489 (A183451), a jury found defendant guilty of robbery in the second degree, ORS 164.405 (Counts 1 and 2); burglary in the first degree, ORS 164.225 (Count 3); menacing constituting domestic violence, ORS 163.190 (Count 4); and unlawful possession of methamphetamine, ORS 475.894 (Count 5). The trial court dismissed Count 5 before trial, and a jury returned guilty verdicts on Counts 1 through 4. At sentencing, the trial court merged the guilty verdict on Count 2 with the guilty verdict on Count 1. On the robbery conviction, Count 1, the court imposed a 70-month term of incarceration pursuant to ORS 137.700 and a three-year term of post-prison supervision (PPS). On the burglary conviction, Count 3, the court imposed a consecutive 26-month term of incarceration and a three-year term of PPS. On the menacing conviction, Count 4, the court imposed a concurrent 364-day term of incarceration.

In Washington County Case No. 23CR19365 (A183453), defendant pleaded guilty to tampering with a witness, ORS 162.285 (Counts 1 and 3) and bribing a witness, ORS 162.265 (Counts 2 and 4). At sentencing, the court merged the guilty verdict on Count 2 with the guilty verdict on Count 1 and merged the guilty verdict on Count 4 with the guilty verdict on Count 3. Defendant's appeal does not concern those convictions.

The state points out that, at his arraignment, defendant was in fact represented by counsel, who advised him not to talk to anyone about his case while in the jail. Additionally, the state argues that defendant was not entitled to have counsel present for statements he voluntarily made from the jail on the telephone call to a third party.

We review the trial court's evidentiary ruling for errors of law, *State v. Torres-Rivas*, 247 Or App 1, 6, 268 P3d 729 (2011), and conclude that the trial court did not err. The record shows that, although defendant had not yet been appointed trial counsel at the time he made the telephone call, defendant in fact had counsel during his arraignment and that counsel had advised defendant not to talk to anyone about his case while he was in the jail.[2] Defendant thus in fact received the advice of counsel that he asserts he did not receive.

In any event, defendant's voluntary telephone call from the jail to an acquaintance was not a circumstance that necessitated counsel. The right to counsel attaches "as early as the commencement of criminal proceedings by indictment or other formal charge." *State v. Prieto-Rubio*, 359 Or 16, 24, 376 P3d 255 (2016). Once attached, a criminal defendant has a constitutional right to counsel during interrogation or at a critical stage of the prosecution. *State v. Pedersen*, 338 Or App 362, 366, 566 P3d 24, *rev den*, 374 Or 188 (2025) (a defendant has the right to counsel at all critical stages of the prosecution, including critical pretrial stages); *see State v. Sparklin*, 296 Or 85, 94, 672 P2d 1182 (1983)) ("The development of the right to an attorney *at pretrial confrontations between the state and the individual* reflects a concern for the preservation of the fairness of trial and counsels effectiveness in defending against the charge." (emphasis added)). Defendant's voluntary telephone call to an acquaintance from the jail was not such a critical stage

_____

[2] As noted, defendant was not appointed counsel until three weeks after his indictment. *See State v. Roberts*, 374 Or 821,—-P3d—-(Feb 5, 2026) (discussing the requirement of the Oregon Constitution, Article I, section 11, for appointment of counsel in a criminal prosecution, and stating that "as a general rule, dismissal without prejudice is required when, at any point post-arraignment, the state has failed to provide counsel to an eligible defendant for a period of more than 60 consecutive days in a misdemeanor case or more than 90 consecutive days in a felony case.").

or interaction. We therefore reject defendant's contention that the trial court erred in denying his motion *in limine* to exclude the recording of the telephone conversation.

In his second counseled assignment, defendant contends that the trial court erred in rejecting his contention that an inculpatory letter he wrote from the jail to the same acquaintance should be excluded under OEC 403. Defendant's specific argument is that the record does not reflect that the trial court actually conducted balancing under OEC 403.

The state responds that the record is sufficient for meaningful review and that defendant's claim that the court's findings were insufficient is not preserved. We have reviewed the record and conclude that defendant did preserve his contention that the court should evaluate the evidence under OEC 403, although thinly. But we agree with the state that the record shows that the trial court did evaluate the letter under OEC 403. The record includes extensive discussion by the parties and the court relating to the admissibility and potential prejudice of defendant's letter. The trial court in fact excluded portions of the letter that it deemed inadmissible or prejudicial. The record is sufficient for us to determine that the trial court did evaluate the evidence under OEC 403 in determining that portions of the letter were admissible. *See State v. Altabef*, 313 Or App 240, 248, 493 P3d 1099 (2021) ("[T]he record sufficiently demonstrates that the trial court balanced that probative value against any possible prejudice to defendant and determined that the probative value outweighed any such prejudice.").[3] We therefore reject defendant's second assignment.

We turn to defendant's third counseled assignment of error, in which he challenges his sentence. Because the facts leading to defendant's convictions bear on the sentencing question, we briefly summarize them: Defendant and another man, both wearing masks, unlawfully entered the victim's house. The victim was at home with her 4-year-old

---

[3] We note that, in response to the trial court's ruling from the bench, defendant did not seek explicit findings under OEC 403. *See State v. Anderson*, 363 Or 392, 410, 423 P3d 43 (2018)) ("If defendant believed that further explanation than the trial court provided was necessary for meaningful appellate review, it was incumbent on him to request it.").

daughter, and the two men confronted the victim in the hall outside her bedroom. They threatened her with a taser and demanded that she turn over money from a safe. The victim complied, and the men left. Although the men did not threaten the victim's 4-year-old daughter, the child did witness the incident and was traumatized by it.

At sentencing, the parties and the court engaged in extensive discussion about whether defendant should be subject to consecutive sentences on the burglary and robbery convictions, focusing on whether the burglary and robbery, which the parties agreed were part of the same criminal episode, were an indication of "defendant's willingness to commit more than one criminal offense." ORS 137.123(5)(a) (setting forth rules for imposing consecutive sentences on separate convictions arising out of a continuous and uninterrupted course of conduct).[4] The state argued that consec-

---

[4] ORS 137.123 provides:

"(1)  A sentence imposed by the court may be made concurrent or consecutive to any other sentence which has been previously imposed or is simultaneously imposed upon the same defendant. The court may provide for consecutive sentences only in accordance with the provisions of this section. A sentence shall be deemed to be a concurrent term unless the judgment expressly provides for consecutive sentences.

"(2)  If a defendant is simultaneously sentenced for criminal offenses that do not arise from the same continuous and uninterrupted course of conduct, or if the defendant previously was sentenced by any other court within the United States to a sentence which the defendant has not yet completed, the court may impose a sentence concurrent with or consecutive to the other sentence or sentences.

"(3) When a defendant is sentenced for a crime committed while the defendant was incarcerated after sentencing for the commission of a previous crime, the court shall provide that the sentence for the new crime be consecutive to the sentence for the previous crime.

"(4) When a defendant has been found guilty of more than one criminal offense arising out of a continuous and uninterrupted course of conduct, the sentences imposed for each resulting conviction shall be concurrent unless the court complies with the procedures set forth in subsection (5) of this section.

"(5) The court has discretion to impose consecutive terms of imprisonment for separate convictions arising out of a continuous and uninterrupted course of conduct only if the court finds:

"(a) That the criminal offense for which a consecutive sentence is contemplated was not merely an incidental violation of a separate statutory provision in the course of the commission of a more serious crime but rather was an indication of defendant's willingness to commit more than one criminal offense; or

utive sentences should be imposed under ORS 137.123(5)(a), because one offense was not "merely incidental" to the other. Defense counsel argued that the robbery and burglary sentences should be concurrent, because they were part of the same criminal episode, and defendant's intent to commit the offenses was inseparable.

The state further argued that the child was an additional victim. *See* ORS 137.123(5)(b) (authorizing consecutive sentences when the defendant's crime "caused or created a risk of causing loss, injury or harm to a different victim."). The trial court asked defense counsel about whether a consecutive sentence was appropriate based on the presence of the child as an additional victim. Defense counsel responded that there was only one "charged" victim and that the evidence was insufficient to find that there was "a risk of either a greater or qualitatively different loss, injury or harm to the child than was being caused to her mother." *See* ORS 137.123(5)(b) (A consecutive sentence may be imposed on an offense that was part of the same criminal episode if the offense for which the consecutive sentence was to be imposed "caused or created a risk of causing loss, injury or harm to a different victim than was caused or threatened by the other offense or offenses committed during a continuous and uninterrupted course of conduct."). The court noted the evidence of the child's presence and her trauma and said, "that's where I'm heading with this thing."

Then, in imposing sentence from the bench, the court merely stated, "On [the burglary charge] I'm going to impose 26 months consecutive time." The court did not separately explain the basis under ORS 137.123(5) for the consecutive sentence, and defendant did not ask for an explanation or make any objection. In its judgment, the court ordered that, "for the reasons stated on the record, [the burglary sentence] shall be consecutive to all previously imposed sentences."

---

"(b) The criminal offense for which a consecutive sentence is contemplated caused or created a risk of causing greater or qualitatively different loss, injury or harm to the victim or caused or created a risk of causing loss, injury or harm to a different victim than was caused or threatened by the other offense or offenses committed during a continuous and uninterrupted course of conduct."

Defendant asserts that the trial court's imposition of a consecutive sentence on the burglary offense was based on the court's erroneous conclusion that there were multiple victims for purposes of sentencing. Defendant argues that the child could not legally constitute a "victim" for purposes of ORS 137.123(5)(b), because the identity of the pertinent victim is to be determined by reference to the substantive statute defining the relevant criminal offense, and the child was not a "victim" for purposes of the crimes of conviction—burglary and robbery.[5] The state responds that defendant failed to preserve that legal argument in the trial court, that he has not requested plain error review, and, further, that any error is not plain.

As an initial matter, we note that, on appeal, defendant challenges only the trial court's apparent determination that a consecutive sentence on the burglary would be appropriate under ORS 137.123(5)(b). He does not, however, argue that the consecutive sentence was inappropriate under ORS 137.123(5)(a) (stating that a consecutive sentence may be imposed when "the criminal offense for which a consecutive sentence is contemplated was not merely an incidental violation of a separate statutory provision in the course of the commission of a more serious crime but rather was an indication of defendant's willingness to commit more than one criminal offense."). The trial court did not specify under which subparagraph of ORS 137.123(5) it concluded a consecutive sentence was appropriate. The judgment only stated that a consecutive sentence was imposed "for the reasons stated on the record." On the record at the sentencing hearing, the primary ground on which the state had relied in requesting a consecutive sentence was ORS 137.123(5)(a), contending that one offense was not "merely incidental" to the other. Although the trial court said "that's where I'm headed" with regard to whether the child was an additional victim, it is not apparent from the record that the trial court

---

[5] Defendant notes that, for purposes of burglary, the "victim" is "the person who possesses the property interest violated," *State v. Sanchez-Alfonso*, 224 Or App 556, 564, 198 P3d 946 (2008), *rev den*, 346 Or 258 (2009), and that, for purposes of robbery in the second degree, the "victim" of the robbery is the person toward whom the defendant directs the threat of violence in order to persuade that person to part with their property. *State v. White*, 346 Or 275, 290, 211 P3d 248 (2009).

also rejected the state's assertion that ORS 137.123(5)(a) was a ground for imposing a consecutive sentence. *See State v. Russell*, 309 Or App 554, 482 P3d 799 (2020), *rev den*, 368 Or 638 (2021) (affirming consecutive sentences imposed pursuant to ORS 137.123(5)(a) on convictions for first-degree burglary and robbery where record showed that the defendant committed a robbery different from the one that was originally intended). Defendant does not contend on appeal that a consecutive sentence also would not be appropriate under that subparagraph. We conclude for that reason that defendant has not presented reversible error in the imposition of a consecutive sentence.

Further, we agree with the state's contention that defendant's precise argument under ORS 137.123(5)(b) is unpreserved. In response to the trial court's question whether a consecutive sentence could be imposed because the child was a victim, which would be a reference to ORS 137.123(5)(b), defendant raised only factual assertions: that the child was not a "charged" victim and that the evidence was insufficient to find that there was "a risk of either a greater or qualitatively different loss, injury or harm to the child than was being caused to her mother." Defendant did not raise the distinctly different argument to the trial court that he now makes on appeal that the child could not constitute a victim as a matter of law. *See State v. Vanornum*, 354 Or 614, 632, 317 P3d 889 (2013) (For purposes of preservation, it is necessary to explain the issue with "enough clarity to permit [the court] to consider and correct the error immediately." (Citation omitted)). Because defendant did not raise below his argument related to ORS 137.123(5)(b) that he now makes on appeal, we conclude that it is unpreserved, and we decline to consider it.

In his *pro se* supplemental brief, defendant contends in his first assignment that the trial court erred in failing to grant a judgment of acquittal based primarily on an absence of evidence that he was the perpetrator of the charged offenses. We have reviewed the record and do not see any basis for concluding that the trial court erred. In his second assignment, defendant challenges the trial court's rejection of his motion to suppress evidence obtained after

the seizure of his vehicle and based on a warrant to search the vehicle after its seizure. We have reviewed the record and conclude that the trial court did not err in denying defendant's motion to suppress.

Affirmed.